## BRITTSON & SMITH *v.* KROLL.

1. BROKERS—COMMISSIONS—FRAUDS, STATUTE OF.

A contract in writing entered into between a broker and the owner of a farm, whereby the latter agreed to pay to the broker, as a commission, all of the purchase price over the net price named, is not open to the objection that it was too uncertain to comply with the statute of frauds (3 Comp. Laws 1915, § 11981) in that it was impossible to determine therefrom when the commission was payable, since, when the broker had a purchaser ready, willing and able to take and pay for the farm in accordance with the terms of the contract, the commission became due and payable at once.

On effect of contract expressly making broker's right to commissions dependent upon sale of property or other condition beyond that ordinarily implied, see note in 29 L. R. A. (N. S.) 533.

2. APPEAL AND ERROR—REQUEST FOR DIRECTED VERDICT—QUESTION
   FOR JURY.

   Where defendant offered no evidence, and, at the close of
   plaintiff's case, both parties moved for a directed verdict,
   defendant is in no position to urge, on error to review
   a directed verdict in favor of plaintiff, that the trial court
   should have submitted the case to the jury.

3. BROKERS—COMMISSIONS—FAILURE TO DO USELESS ACT NO DE-
   FENSE.

   Where defendant refused to sell the farm, it would have
   been a senseless act to have prepared and presented to
   him a formal agreement for its purchase, and failure to
   do so is no defense to an action by the broker for the
   commission.

Error to Clinton; Moinet (Edward J.), J.  Sub-
mitted October 28, 1921.  (Docket No. 85.)  Decided
December 22, 1921.

Assumpsit by Brittson & Smith, a copartnership,
against Frank A. Kroll for a commission on the sale
of a farm.  Judgment for plaintiffs on a directed
verdict.  Defendant brings error.  Affirmed.

*Walbridge & Fehling,* for appellant.

*Miner & Miner,* for appellees.

WIEST, J.  The parties to this suit entered into an
agreement, the material part of which follows:

"Owosso, Mich., April 8, 1919.
"I hereby authorize Brittson & Smith, of Owosso,
Michigan, to sell or find a buyer for my farm of one
hundred sixty acres, situated in Bingham township,
Clinton county, State of Michigan, described as fol-
lows:  On section eleven, where I now live.  In con-
sideration of the above agreement by first party,
Brittson & Smith agree to advertise and make every
consistent effort to sell said farm.
"It is further agreed:
"1. That Brittson & Smith shall have a right to
close the sale of said property any time within eight

months from the date thereof, and the undersigned owner of said property in case of such sale, agrees to execute and deliver to said Brittson & Smith (or to any person designated by them) at their office at Owosso, Michigan, a warranty deed and a merchantable abstract of title, showing same clear from all liens, clouds and incumbrances.      Also, to deliver the property to the purchaser without waste.

"2. The undersigned is to have twenty thousand dollars net for said farm, payable as follows: Seven thousand dollars, or more, cash on delivery of deed, balance to be paid as follows:      Notes secured by a mortgage on said farm drawing 6 per cent. interest, said notes to run a reasonable length of time.

"3. Brittson & Smith are to have as their commission for selling said farm, all of the purchase price over the net price named above.

"4. Brittson & Smith shall have a right to give a purchaser an option or contract to purchase the above described property by paying one thousand dollars to the present owner.      *      *      *

"8. Deed and possession to be given March 1, 1920."

Plaintiffs, claiming they had a purchaser, one Thompson E. Williams, who was ready and able and willing to purchase the farm under the terms of the agreement, took him to see defendant and informed defendant that Mr. Williams was ready to close the deal, and Mr. Williams tendered defendant $1,000, and stated the balance would be paid the 1st of March.      Defendant stated that he would not sell.      Thereupon plaintiffs brought this suit to recover the commission, and upon the trial the court directed a verdict for plaintiffs for the sum of $860, that being the amount Mr. Williams would pay for the farm in excess of $20,000.

Defendant claims that the agreement is too uncertain to comply with the statute of frauds, 3 Comp. Laws 1915, § 11981, and that it is impossible to determine from the agreement when plaintiffs were to receive their commission, citing *Paul* v. *Graham,* 193 Mich. 447.

We think there is no merit in the claim of uncertainty in the agreement.    Defendant was to have $20,000 for his farm, and plaintiffs' commission was to be the amount in excess of that price.    When defendant refused to sell at all, if plaintiffs had a purchaser ready and willing and able to take and pay for the farm so as to net defendant $20,000, in accordance with the terms of the agreement, and provide a commission to plaintiffs, then plaintiffs were entitled thereto at once.    Mr. Williams testified that the day he tendered defendant $1,000 he was ready, willing and able to enter into a contract for the purchase of the farm according to the terms of the agreement between plaintiffs and defendant.

Defendant having moved the court for a directed verdict in his favor at the close of plaintiffs' case, plaintiffs also having moved for a directed verdict in their favor, and defendant offering no evidence, he is in no position to urge now that the court should have submitted the case to the jury.    *Burton* v. *Ladd,* 211 Mich. 382.

It would have been a senseless act to have prepared and presented to defendant a formal agreement for the purchase of the farm after he had refused to sell, and no such defense was open to defendant. *Hager* v. *Rey,* 209 Mich. 194.

No reversible error appearing in the case, the judgment is affirmed, with costs to plaintiffs.

STEERE, C. J., and MOORE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.