CASEY *v.* HETHERINGTON.

1. BROKERS—COMMISSIONS.
  A real estate broker is entitled to his commission when he produces a purchaser able, willing and ready to buy on the terms and conditions of the vendor.

2. SAME—DEFECTIVE TITLE—BROKER'S KNOWLEDGE.
  Where a sale of real estate failed of consummation because of the existence of leases thereon with option of renewal, the brokers were not entitled to their commission thereon if they knew of the existence of said leases before procuring the prospective purchaser.

Error to Wayne; Moynihan (Joseph A.), J. Submitted June 7, 1922. (Docket No. 25.) Decided October 2, 1922.

Assumpsit by James P. Casey and another against T. H. Hetherington and another for commissions on the sale of real property. Judgment for defendants. Plaintiffs bring error. Affirmed.

*David N. Harper,* for appellants.

*Guy A. Miller,* for appellees.

McDONALD, J. The plaintiffs are real estate brokers in the city of Detroit. They are here suing for commission. Their declaration is on the common counts with notice of the following special contract:.

"June 17, 1920.
"I agree to pay James P. Casey and John C. Reedy a commission of $1,000 less the State and county taxes on the property located No. 45-47-49 Adelaide street, for deal with Mr. Bernstein.
                    "T. H. HETHERINGTON,
                    "LOUISE B. HETHERINGTON."

The defendants' plea was the general issue to which

was added a notice that the deal with Bernstein was not closed because of leases on the property extending for more than 22 months, of which plaintiffs had notice, and that the plaintiffs did not procure a purchaser ready, willing and able to purchase the premises. After obtaining permission from defendants to sell their property, the plaintiffs went to Mr. Bernstein and secured his signature to a preliminary agreement to purchase. They then took it to defendants and secured their signatures. This agreement, which was drafted by the plaintiffs and Mr. Bernstein, not in defendants' presence, contains a provision that existing leases upon the premises do not extend for a longer term than 22 months and contain no options for renewal. When the agreement was submitted to the defendants for their signatures, the leases were not in the immediate possession of Mr. Hetherington, but were on deposit with the Union Trust Company.

It is defendants' claim that Mr. Hetherington told the plaintiffs that the leases were for a longer period than 22 months, and that he would not sign the agreement until he had an opportunity to examine them; that the plaintiffs urged him to sign, saying that if, after the leases were examined, it was found that they were for a longer period, the agreement would be torn up and the deal would be off, and that with this understanding they signed it. This claim of the defendants is denied by the plaintiffs, who say that there were no conditions as to the signing of the agreement, and that Mr. Hetherington positively informed them that the leases were not for a longer period than 22 months. When the leases were obtained it was found that they were for a longer term, and Mr. Bernstein declined to complete the purchase. The defendants refused to pay a commission and this suit followed. The verdict and judgment were against plaintiffs, and they seek a review of the cause on writ of error.

The rule is well settled that a real estate broker is entitled to his commission when he produces a purchaser able, willing' and ready to buy on the terms and conditions of the vendor. It is equally well settled that

"where a broker, who, at the time he makes his contract with the owner, knows of defects in the employer's title, or who knows of facts sufficient to put a prudent person on inquiry, which if followed with reasonable diligence, would have resulted in such knowledge, he is not entitled to recover where the sale failed because of such facts, unless it was the intention of the parties that the employer should subsequently perfect his title in order to be able to perform. *Cain* v. *Masurette*, 196 Mich. 7." *Gettleson* v. *Lewis*, 206 Mich. 113.

In the instant case the sale failed of consummation because of the fact that there were incumbrances consisting of existing leases for a longer term than 22 months and options for renewals. If the plaintiffs knew this before the preliminary agreement for purchase was made, they cannot recover in this action. The defendants assert that they did have such knowledge; the plaintiffs deny it. Thus there was presented a question of fact for the jury, who found against the plaintiffs. This was the controlling question. All other facts were undisputed. On the determination of this depended plaintiffs' right to recover and, as it was fairly and properly submitted to the jury, it disposes of the case.

We have given consideration to all of the other assignments presented by the record and have discovered no reversible error.

The judgment is affirmed, with costs to the defendants.

Fellows, C. J., and Wiest, Clark, Bird, Sharpe, Moore, and Steere, JJ., concurred.