### WEST v. NEWTON.

1. BROKERS—COMMISSIONS—FRAUDS, STATUTE OF.
   A written contract to pay a commission for the sale of real estate is not required to be as definite in the description of the premises to be sold as an agreement for its purchase, since all that the statute requires is a promise in writing to pay a commission.[1]

2. APPEAL AND ERROR—REQUESTED DIRECTED VERDICT WAIVES RIGHT TO GO TO JURY.
   Where both parties asked for a directed verdict, and the trial court directed a verdict in favor of plaintiff, defendant may not claim in the appellate court that there was an issue of fact for the jury.[2]

[1]Brokers, 9 C. J. § 60; [2]Appeal and Error, 3 C. J. §§ 627, 760.

On the question as to necessity that broker's authority to purchase or sell real property be in writing to enable him to recover compensation for his services, see notes in 44 L. R. A. 601; 9 L. R. A. (N. S.) 933.

Authorities discussing the question as to performance of contract by real estate broker to find a purchaser or effect an exchange of his principal's property, are collated in a note in 44 L. R. A. 593 *et seq.*

3. SAME—QUESTION MAY NOT BE RAISED FOR FIRST TIME IN AP-
PELLATE COURT.

In an action by a real estate broker for a commission on
the sale of land, defendant may not raise for the first
time in the appellate court the question that the testimony
does not show plaintiff to be a licensed broker.[3]

4. BROKERS—COMMISSIONS—WHEN COMMISSION IS EARNED.

Under a contract whereby the owners of a farm agreed to
pay a broker a commission on its sale if sold for $300 per
acre or any other sum that they might accept, the broker
had earned his commission when he produced a purchaser
able and willing to pay the stipulated price or any other
sum the owners were willing to accept.[4]

5. SAME—PRINCIPAL MAY NOT AVOID PAYMENT OF COMMISSION BY
CANCELING AGENCY.

Where the purchaser produced by the broker was not will-
ing to pay $300 an acre for the farm but was will-
ing to pay $285 an acre, and the owners were willing to
accept that sum, they could not avoid payment of the
commission by canceling his agency and making the sale
themselves.[5]

Error to Washtenaw; Sample (George W.), J.
Submitted October 23, 1924. (Docket No. 136.) De-
cided December 10, 1924.

Assumpsit by James G. West against Henry Newton
and another for a commission on the sale of real estate.
Judgment for plaintiff on a directed verdict. De-
fendants bring error. Affirmed.

*Edward M. Vining,* for appellants.

*Lee N. Brown* and *John P. Kirk,* for appellee.

McDONALD, J. This action is brought to recover
a commission for the sale of real estate and is based
on the following written agreement:

"February 8, 1921.
"To J. G. WEST:
"For and in consideration of one dollar in hand paid,
the receipt of which is hereby acknowledged, you are

[3]Appeal and Error, 3 C. J. § 628; [4]Brokers, 9 C. J. § 97; [5]Id.,
9. C. J. §§ 64, 99.

authorized to act as my sole agent until the 23d day of February, 1921, or after until withdrawn, in selling the described property on the reverse side of this sheet, for the sum of $300 per acre or any other sum which I may hereafter accept, if a sale or exchange is effected, I agree to pay you five per cent. as a commission on sale price or will accept this amount less five per cent.; $5,000 down, balance, contract at six per cent.    I agree to give ten days notice in case I care to withdraw after the above time has expired.    I agree to furnish the purchaser with a merchantable abstract of title and deed."

On the reverse side of the paper is the following:

"Ninety-six acres known as the Thistlewaite farm, four acres on south end of east one-half of the southeast one quarter of section 32, town two, range eight and

"Ninety-two acres in Van Buren township, south of the four acres, this being about one-half mile east of Denton on Michigan avenue."

Before the time specified in this contract had expired, the plaintiff secured a prospective purchaser. She was willing to buy but would not pay $300 an acre.    The plaintiff claims that the defendants were willing to sell for $285 an acre if they could not get more, but that in order to avoid the payment of a commission they waited until his agency had terminated before consummating the sale at that figure. It is the plaintiff's contention that having procured a purchaser able and willing to buy on terms acceptable to the defendants, he is entitled to his commission. At the close of the proofs both parties moved for a directed verdict.    The court instructed the jury to return a verdict for the plaintiff.    Defendants seek to reverse the judgment entered for the following reasons:

1. That there can be no recovery on the agency contract because it is not sufficiently definite as to consideration and the description of the premises to satisfy the statute of frauds.    It is not necessary that

a writing of this character be as definite as agreements for the purchase of real estate.     If it shows a promise to pay a commission that is all the statute requires.     The contract in question fully complies with the statute.     *Badger* v. *Finlayson,* 219 Mich. 660.

2. The defendants claim that the court erred in directing a verdict for the plaintiff, because there was an issue of fact for the jury and because the testimony did not show that he was a licensed real estate broker under the laws of this State.     Both parties having asked for a directed verdict, counsel cannot now complain that there was an issue of fact for the jury.     *Kyselka* v. *Assurance Co.,* 194 Mich. 430; *Germain* v. *Loud,* 189 Mich. 38; *City National Bank* v. *Price's Estate,* 225 Mich. 200.

As the claim that the testimony does not show the plaintiff to be a licensed broker is raised for the first time in this court, we must decline to consider it. *Fowler* v. *McQuigg,* 222 Mich. 178.

3. The remaining error relied on by the defendants is that the court should have directed a verdict in their favor as requested.     The controlling fact in this case is that the plaintiff procured a purchaser who bought the property on terms satisfactory to the defendants.     By the terms of the contract he had earned his commission when he produced a purchaser able and willing to pay $300 an acre or any other sum that the defendants were willing to accept.     They were willing to accept $285 an acre, though they did not do so until after they had succeeded in terminating the plaintiff's agency.     It matters not that the sale was not consummated until after the agency had expired.     The plaintiff's right to the commission did not depend upon a consummation of the sale, but on procuring a purchaser able and willing to purchase on terms acceptable to the owners.

"A broker becomes entitled to his commission when

he procures for his principal a party with whom he is satisfied and who actually contracts for the purchase of the property at a price acceptable to the owner." *Fuday* v. *Gill*, 195 Mich. 613.

Knowing that the plaintiff was negotiating with the purchaser for a sale of the property, the defendants could not avoid the payment of a commission by canceling his agency and making the sale themselves. *Heaton* v. *Edwards*, 90 Mich. 500; *McGovern* v. *Bennett*, 146 Mich. 558. We think the court did not err in refusing to direct a verdict for the defendants.

The judgment is affirmed. The plaintiff will have costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.