D. & W. ROTTSCHAFER REAL ESTATE v. MORRIS.

1. BROKERS—COMMISSIONS—WHEN COMMISSION EARNED.
    If a broker produces within the time a customer who is ready, able, and willing to purchase on the owner's terms, his commission is then earned, and it is immaterial that the sale is never consummated because the owner refuses to close the deal.

2. APPEAL AND ERROR—DEFENSE NOT AVAILABLE WHERE NO NOTICE GIVEN UNDER COURT RULE.
    In an action by a real estate broker for commissions, the defense that plaintiff had failed to secure the license required by Act No. 306, Pub. Acts 1919, is not available where no notice was given of such defense under Circuit Court Rule No. 23, § 2.

As to what constitutes performance of contract by real estate broker to find a purchaser or effect an exchange of his principal's property, see annotation in 44 L. R. A. 593.

3. Brokers—Corporations—Misnomer Will Not Defeat Recovery
Where Identity Not Questioned.
  The misnomer of a real estate broker, in an agreement to pay
  a commission, will not defeat recovery thereon, where it is
  not questioned that the corporation suing for same was the
  broker with which defendant dealt.

Error to superior court of Grand Rapids; Verdier
(Leonard D.), J.   Submitted October 4, 1928.
(Docket No. 79, Calendar No. 33,900.)   Decided
December 4, 1928.

Assumpsit by D. & W. Rottschafer Real Estate,
Inc., against George A. Morris for commission on
an exchange of real estate.   Judgment for plaintiff.
Defendant brings error.   Affirmed.

*Linsey, Shivel & Phelps,* for appellant.

*Knappen, Uhl & Bryant,* for appellee.

Fellows, J.   Defendant owned some vacant lots
which he desired to exchange for income-producing
property.   Plaintiff, a real estate broker, had a two-
family flat listed with it by one Wilcox.   Defendant
in writing offered to turn in his lots at $5,000 and
assume a mortgage for $6,000 on the flat, taking it
at $11,000, possession to be given November 15,
1927.   Wilcox and his wife accepted the proposition
in a writing which deferred giving possession until
December 1st.   Plaintiff acted as a middleman, and
both parties agreed in the writing to pay it a com-
mission.   The testimony of the parties is in direct
conflict.   There was testimony in the case that plain-
tiff notified defendant that Wilcox desired the 15
days' extension and he consented to it; there is also
testimony that plaintiff learned that Wilcox was
buying on a contract and so informed defendant,
offered to have a deed and mortgage given to lit-
erally comply with the terms of the contract, but

defendant expressed a willingness to let the title stand as it was and to go ahead with the deal. Wilcox and his wife were at all times ready to carry out the deal and tendered proper conveyances; defendant refused to close the deal with Wilcox or to pay plaintiff. A judgment for the agreed commission is here reviewed by defendant.

The argument against the judgment in the main is this: The agreement between defendant and Wilcox having to do with the sale and exchange of real estate must be in writing; it was reduced to writing; the written agreement could not be modified by parol, and parol testimony was inadmissible to establish that it was modified by the parties; such modified agreement, not having been reduced to writing, was void; plaintiff could only recover in case a valid agreement was made by Wilcox and defendant. Plaintiff, on the other hand, points out that the validity of the agreement between the vendors and vendees is not here involved; that defendant agreed in writing to pay it a commission; that it produced a purchaser, able, willing, and ready to take the property on terms satisfactory to defendant, and that it has, therefore, earned its commission; that it was to be paid for producing a customer, not for consummating a completed sale.

In the main, the cases relied upon by defendant are cases between vendors and vendees, some of them involving specific performance, and a few deal with commission agreements payable only on consummation of the sale. This is not such an action. The rule is well stated by Mr. Justice CLARK, speaking for the court in *Sotham* v. *Kern,* 221 Mich. 5, where he said:

"If plaintiff produced within the time a customer who was ready, able, and willing to purchase on de-

fendant's terms, his commission was then earned. See *McOmber* v. *Campion,* 219 Mich. 604. It was not necessary that the deal between defendant and Grindley be completed before plaintiff had earned his commission. *Blakeslee* v. *Peabody,* 180 Mich. 408. Plaintiff's undertaking was not to consummate a sale (*Horton* v. *Inmen,* 145 Mich. 438), but to find a purchaser. 9 C. J. p. 595.''

See, also, *Fuday* v. *Gill,* 195 Mich. 613; *Cochran* v. *Staman,* 201 Mich. 630; *Garrisi* v. *Kass,* 201 Mich. 643; *McOmber* v. *Campion,* 219 Mich. 604; *Badger* v. *Finlayson,* 219 Mich. 660; *West* v. *Newton,* 229 Mich. 68; *Greenberg* v. *Sakwinski,* 211 Mich. 498; *Casey* v. *Hetherington,* 220 Mich. 176; *Rice-Wray* v. *Palma,* 216 Mich. 324; *Brittson & Smith* v. *Kroll,* 217 Mich. 180.

It is insisted that plaintiff may not recover because it has not complied with the provisions of Act No. 306, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 6897[24] *et seq.*), as amended, hence the agreement sued upon is invalid. The most that can be said of the record is that it does not affirmatively show that plaintiff has complied with the act. But if defendant desired to urge the invalidity of the contract for this reason, he should have given notice of such defense under section 2, Circuit Court Rule No. 23. This he did not do. The defense is, therefore, not available to him.

Finally, it is urged that the agreement was to pay D. and W. Rottschafer, and that plaintiff corporation may not recover on such agreement. In the caption of the paper the corporation is named, and it is not seriously questioned that the dealing was with it. This objection is answered by the language of Chief Justice WIEST in *Lutheran Church* v. *Guaranty Co.,* 222 Mich. 256. There was a mis-

nomer of the church and the construction company. In holding that such misnomer did not defeat recovery on the surety bond, he said:

"There is no occasion to halt justice in this case because of the careless manner in which the names of the plaintiff and the contractor appear to have been stated in the writings. Defendant, apparently, did not hesitate to go on the bond of the contractor because its name was given as the Singer Chimney Company instead of the Singer Chimney & Construction Company, or because the bond was given to St. Matthews Evangelical Lutheran Congregation instead of the Evangelical Lutheran St. Matthews Church. Defendant then knew, perfectly well, for whom and to whom it engaged its suretyship and it is too late now to insist there is a want of identity arising out of variance in names. The identity of plaintiff and that of defendant's principal in the bond could not possibly have been in doubt at any time by any of the parties, and such identity is not in doubt now. It is an old rule, and a sensible one, that the misnomer of a person or corporation in a written instrument will not defeat a recovery thereon, if the identity sufficiently appears from the name employed in the writing or is satisfactorily established by proof."

The judgment will be affirmed.

FEAD, C. J., and NORTH, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.