## BROOMFIELD *v*. ABASS.

1. VENDOR AND PURCHASER—LISTING AGREEMENT—SUBSEQUENT LEASE.

   Vendor could not, by subsequently making a lease, alter real estate agent's rights under his listing agreement.

2. SAME—COMMISSIONS—LISTING AGREEMENT—SUBSEQUENT LEASE.

   Recovery of commission from defendant vendor by plaintiff real estate agent would not be barred by reason of fact that agent knew defendant vendor had executed a lease subsequent to listing agreement but before or about the time a purchaser was produced or that such purchaser, unknown to plaintiff, was willing to buy the property subject to the lease.

3. SAME—OPTION—TENDER OF PURCHASE PRICE—CONDITION PRECEDENT—COMMISSION.

   The tender of cash for the purchase price under an option to purchase real estate is not required as a condition precedent to recovery of commission, where it is a fair inference from the record that it would have been an idle ceremony to have made a tender.

4. SAME—OPTION—PAYMENT OF PURCHASE PRICE—CONDITION PRECEDENT.

   Where by the terms of an option the payment of the purchase price was not due until the final closing of the transaction, a tender of such payment was not requisite incident to the execution of the preliminary sales agreement.

5. SAME—LISTING AGREEMENT—PERFORMANCE—EVIDENCE.

   Prospective purchaser's testimony that arrangements had been made with a bank for a loan with which to meet a part of the purchase price was material and competent as bearing upon the fact that plaintiff real estate agent did in fact produce a purchaser ready, able and willing to purchase the property on terms of listing agreement defendant had given plaintiff.

Appeal from Wayne; Maher (Thomas F.), J. Submitted January 16, 1948. (Docket No. 11, Calendar No. 43,877.) Decided February 16, 1948.

Assumpsit by Hugh L. Broomfield, doing business as General Service Realty, against Ahmet Abass for commission due under written contract. Judgment for plaintiff. Defendant appeals. Affirmed.

*Francis K. Young,* for plaintiff.

*Arnold F. Zeleznik* and *Frank N. MacLean,* for defendant.

NORTH, J. In this suit for the recovery of commission for the sale of real estate, tried by the circuit judge without a jury, plaintiff had judgment for $1,750. Defendant has appealed.

Through a real estate salesman, George F. Snyder, in plaintiff's employ, defendant signed and gave to plaintiff a listing agreement for the sale of defendant's property at a cash price of $35,000, or cash for defendant's equity. The property was subject to a mortgage of $8,500. Myron Jatkowski and Mary Jatkowski, husband and wife, were the prospective purchasers, but since the negotiations seemed to have been with Mrs. Jatkowski we herein refer to her as the prospective purchaser. While this listing agreement was in force, plaintiff produced a purchaser who was ready, able and willing to purchase the property for $35,000 cash. Defendant failed to convey the property and this suit followed. The listing agreement contained the following: "Upon receipt of payment according to this contract, I agree to make a good and sufficient conveyance of said property by warranty deed. * * * I do here state * * * that my title to same is good and without incumbrance except $8,500 mortgage."

In the main the theory upon which defendant resists payment of the real estate commission is that after he had given the listing to plaintiff, defendant with the knowledge of plaintiff's employee Snyder, entered into a three-year lease of the property involved; and that the existence of such lease was known to plaintiff and, also, to the prospective purchaser before the offer was made to purchase on the terms of the listing. And further, defendant makes the claim that at the time the offer to purchase was made, the prospective purchaser was willing to buy the property subject to the lease, but notwithstanding the purchaser's willingness to purchase subject to the lease, plaintiff did not so inform defendant. Instead plaintiff, evidently acting in behalf· of defendant, interviewed the holder of the lease and as a result informed defendant that the lessee would not surrender his lease except upon payment of $3,000. Defendant refused to pay the $3,000 to secure cancellation of the lease, and the sale was not consummated.

In support of defendant's contention that plaintiff should not be permitted to recover because at the time he procured the purchaser plaintiff knew of the outstanding lease, defendant cites and seems to rely upon our decision in *Casey* v. *Hetherington*, 220 Mich. 176. The cited case is not in. point·because plaintiff therein, before the preliminary agreement was signed by the property owner, knew of the outstanding leases which prevented consummation of the sale. In effect it was held that because plaintiff Casey had knowledge of the leases before the preliminary agreement was signed, he could not recover. But in the instant case the outstanding lease which prevented consummation of the sale was entered into after defendant gave plaintiff the listing agreement. Plaintiff did not authorize or make any change in the original agreement signed by defend-

ant. Obviously defendant could not, by subsequently making the lease, alter plaintiff's rights under· the earlier listing agreement. The fact that. plaintiff knew of the lease before or about the time he produced a purchaser does not bar recovery.

Nor do we think plaintiff's right of recovery was impaired by the fact, as the testimony discloses, that the prospective purchaser was willing to purchase subject to the lease because the undisputed proof is that plaintiff did not know that the prospective purchaser was willing to purchase subject to the lease until the time of the trial, which was months after plaintiff sought to close the deal with defendant.

There is no merit to defendant's contention that plaintiff should not recover because no actual tender of cash for the purchase price was made to defendant. This is true because it is a fair inference from the record that even if tender had been made it would have been an idle ceremony. *Weinburgh* v. *Saier*, 303 Mich. 640, 645. Consummation of the sale was not accomplished . because of the outstanding lease. Further, the payment of the purchase price was not due until the final closing of the transaction, and hence a tender was not requisite incident to the execution of the preliminary sales agreement.

Nor do we find any merit in defendant's contention that the trial court committed error when, over defendant's objection, Mary Jatkowski was permitted to testify that an arrangement had been made with the bank for a loan of $15,000 with which to meet in part the purchase price. Obviously this testimony was material and competent as bearing upon the phase of the case that plaintiff did in fact produce a purchaser ready, able and willing to purchase the property on the terms of the listing agreement defendant had given to plaintiff.

The judgment entered in the circuit court is affirmed, with costs.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, DETHMERS, BUTZEL, and CARR, JJ., concurred.