**THREE D DEPARTMENTS, INC., Plaintiff,**

v.

**K MART CORPORATION, Defendant.**

**No. 86 C 9948.**

United States District Court, N.D. Illinois, E.D.

June 22, 1990.

Michael L. Corrado, Ray H. Greenblatt, George V. Bobrinskoy, Jr., Thomas A. Gauza, Lawrence Gunnels, Mayer Brown & Platt, Chicago, Ill., for plaintiff.

Mark Orloff, Altheimer & Gray, Chicago, Ill., for defendant.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

In the wake of this court's refusal to grant summary judgment to either party, see *Three D Departments, Inc. v. K Mart Corp.*, 732 F.Supp. 901 (N.D.Ill.1990), the court now has before it K Mart Corporation's supplemental motion for summary judgment and Three D Departments, Inc.'s motion for reconsideration of the court's prior order.[1] Between these two motions the court can draw the parties' dispute over K Mart's liability to a close.

K Mart addresses its motion chiefly to the court's observation that par. 1(b) of K Mart's License Agreement with Three D, the clause which K Mart claims allowed it to terminate all of Three D's licenses with K Mart, is ambiguous. Paragraph 1(b) states:

> In the event K Mart shall elect to close any of the store(s) covered by this license, it may do so upon at least thirty (30) days prior notice to [Three D] and the individual license for such store shall terminate on the date of closing.

K Mart contends that this clause allows it to elect to close one, some, or all of its Designer Depot stores, and thereby terminate the license granted to Three D for Three D's operations in that store. In its previous ruling, the court suggested that while the phrase "any of the store(s)" could be read to authorize this election, the words "individual license for such store" were entirely singular, and perhaps limited

---

1. The court presumes that the reader is familiar with this opinion. The court must correct two errors in it, however. At 732 F.Supp. at 903, the court states that the License Agreement between the parties "allowed Three D to operate its 'Designer Depot' departments within several K Mart stores." The sentence should read: "This agreement allowed Three D to operate specialty departments within several of K Mart's 'Designer Depot' stores." Further, the third sentence of *id.* at n. 3 should read: "The court will ignore this protest, however, since if K Mart did not close the Depots in January 1987, and thereby terminate Three D's licenses, Three D could not claim damages for breach of contract."

K Mart's ability to close all of the stores at once—or at least created an ambiguity as to how many stores K Mart could close pursuant to par. 1(b). See *Three D*, 732 F.Supp. at 905.

K Mart contends that the court can construe par. 1(b) unambiguously by looking at the entire License Agreement.[2] See *Turner v. Bituminous Cas. Co.*, 397 Mich. 406, 244 N.W.2d 873, 896 (1976). K Mart explains the structure of par. 1(b) by referring to par. 1(a). That paragraph begins with the general limitations on K Mart's license to Three D, and specifically states: "The License shall pertain only to the DESIGNER DEPOT store(s) listed on Exhibit B...." This sentence uses the term "store(s)," which reappears in the first clause of par. 1(b). Paragraph 1(a) then states, in its third sentence: "The individual term of the license for each store shall commence as of the date of the first opening of the department at such store ... and shall terminate on the last day of the forty-eighth month subsequent to such opening unless terminated earlier in accordance with (b) through (f) below." This sentence employs the words "individual term of the license for each store," which is similar (albeit not exactly) to the language found in the second clause of par. 1(b). Like words appear in the fourth sentence of par. 1(a).

These paragraphs have the same structure: they first discuss the relationship of the proposed license to K Mart's ownership of its Designer Depot stores, then show how those powers affect the grant or termination of licenses applicable to specific stores. Since, as the court held in *Three D*, 732 F.Supp. at 904–05, the first clause of par. 1(b) places no limit on the numbers of Designer Depots which K Mart could close under par. 1(b), K Mart could terminate as many individual licenses as it wanted, upon thirty days notice, as long as it was closing the store which contained the licensed department.

Three D contends that the License Agreement contained other provisions besides pars. 1(a) and 1(b), and if K Mart reserved the power to close one, some, or all of its stores under par. 1(b), then it did not need the powers it obtained in those other provisions. Three D directs the court to four such provisions, none of which par. 1(b) renders superfluous. Paragraph 1(c) provided that when the lease for a Designer Depot terminated or expired, Three D's license terminated at the same time. In this event, K Mart's duty to give prior notice was only "where possible." Paragraph 1(d) provided for termination of the license at the option of the parties at a store in the event that the store was condemned; exercise of the option would force Three D to vacate such store immediately. Paragraphs 1(e)–(f) provided for termination of licenses in the event of Three D's bankruptcy and/or failure to perform under the license, events unrelated to the operation of K Mart's stores.

"Under Michigan law a contractual provision is ambiguous 'if the language of a written contract is subject to two or more reasonable interpretations or is inconsistent on its face.'" *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 330 (7th Cir.1987), quoting *Petovello v. Murray*, 139 Mich.App. 639, 362 N.W.2d 857, 858 (1984). Paragraph 1(b) has only one reasonable interpretation, that suggested by its plain language, and it contains no inconsistencies. K Mart is thus entitled to summary judgment on Three D's claim for improper termination of its license. The court need not consider Three D's motion for reconsideration.

The court enters summary judgment in favor of K Mart and against Three D on Count 1 of Three D's complaint.

---

**2.** K Mart did not raise this argument in opposition to Three D's original motion, as the argument which triggered the court's observation was made in Three D's reply brief. See *Three D*, 732 F.Supp. at 905 n. 6.