STERNER v McLOUTH STEEL PRODUCTS

Docket No. 164890. Submitted February 8, 1995, at Detroit. Decided June 2, 1995, at 9:40 A.M. Leave to appeal sought.

Donald R. Sterner suffered a work-related personal injury for which his employer, McLouth Steel Products, and its insurer, Michigan Mutual Insurance Company, voluntarily paid worker's disability compensation benefits. Sterner subsequently retired and began receiving a permanent-incapacity pension pursuant to a union pension agreement that contained a provision that any amount paid pursuant to the worker's compensation law "shall not be deducted from any such amount for permanent incapacity retirement payable prior to age 65." When the employer and insurer began to coordinate Sterner's worker's compensation benefits with his disability pension benefits, Sterner sought a hearing in the Bureau of Worker's Disability Compensation. A magistrate held that, pursuant to MCL 418.354(14); MSA 17.237(354)(14), the language of the pension agreement barred coordination of benefits until age sixty-five. The Worker's Compensation Appellate Commission reversed, finding that because the language of the pension agreement only prohibited reduction of the pension benefits, that language did not bar coordination of benefits pursuant to § 354(14), which provides that coordination shall be accomplished by reducing worker's compensation benefits. The plaintiff appealed by leave granted.

The Court of Appeals *held*:

The provision in the pension agreement evidences a clear intent that there should be no coordination of benefits until age sixty-five. That intent should not be defeated by applying a narrow construction to the language of the pension agreement; rather, the clear intent that there should be no coordination should be given effect despite the fact that coordination by the reduction of worker's compensation benefits pursuant to § 354(14) technically would satisfy the prohibition of the pension agreement.

Reversed.

*Levine, Benjamin, Tushman, Bratt, Jerris &*

*Stein, P.C.* (by *Charles P. Burbach*), for the plaintiff.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for the defendant.

Before: HOOD, P.J., and MARILYN KELLY and SAAD, JJ.

PER CURIAM. Plaintiff appeals by leave granted an April 26, 1993, opinion and order of the Worker's Compensation Appellate Commission that reversed a magistrate's decision regarding coordination of benefits. We reverse.

Plaintiff suffered a personal injury to his lower back while working for defendant steel company on September 16, 1986. Defendants voluntarily paid worker's disability compensation benefits.

Plaintiff retired on May 31, 1987, and is receiving a permanent-incapacity retirement pension pursuant to the employer's pension agreement with the United Steel Workers of America. The plan has been in effect since November 11, 1982. Plaintiff is also receiving social security disability benefits, which by agreements of the parties are not subject to coordination, apparently pursuant to subsection 11 of the coordination statute, MCL 418.354; MSA 17.237(354).

In August 1988, defendants began coordinating plaintiff's worker's compensation benefits with his disability pension. Plaintiff requested a hearing under Rule 5 of the Bureau of Worker's Disability Compensation, 1979 AC, R 408.35, and the parties submitted the controversy to the bureau on briefs. The provision in controversy is subsection 14 of § 354, which exempts from coordination disability pension plans in existence on March 31, 1982, the effective date of the coordination provision. That

subsection provides that a disability pension plan entered into or renewed after that date may exclude benefits from coordination. If the plan is silent on the subject, disability compensation benefits are subject to coordination. *Scott v Jones & Laughlin Steel Corp,* 202 Mich App 408, 415; 509 NW2d 841 (1993).

The issue in this case is whether the parties' pension plan allows for coordination of plaintiff's pension. Section 3.10 of the pension agreement provides that any amount paid pursuant to worker's compensation law "shall not be deducted from any such amount for permanent incapacity retirement payable prior to age 65." Plaintiff was born on August 31, 1938; he is not yet sixty-five years old. The magistrate interpreted that section to bar coordination of plaintiff's pension benefits before age sixty-five.

On appeal, the Appellate Commission reversed, explaining:

> We must abide by the plain meaning of the language in section 3.10 of the Agreement. A careful examination of section 3.10 reveals no prohibition on coordination of worker's compensation benefits under MCL 418.354. The Agreement states that any worker's compensation benefits "shall not be deducted from any such amount for permanent incapacity retirement payable prior to age 65." In short, the pension plan prohibits a reduction in the pension payments due to the payment of worker's compensation benefits. It requires that the employee receive the full amount of his or her disability retirement income until he or she is age 65.
>
> However, MCL 418.354 provides, not for a reduction in pension benefits, but for a reduction in worker's compensation benefits. The full amount of disability retirement income payable under the pension plan is not affected. Section 3.10 of the

Agreement *does not* prohibit the reduction of worker's compensation benefits due to the payment of the pension benefits. Therefore, coordination of plaintiff's worker's compensation benefits is not barred by application of MCL 418.354(14).

The commission recognized that the language of the agreement probably was used in many states and that it probably was the parties' intention to prohibit coordination, but that the provision did not meet the unique requirement of § 354(14) that coordination be forbidden specifically if that is what the parties intended.

On appeal, plaintiff argues that § 3.10 of the pension agreement was intended to disallow reduction of worker's compensation benefits because of the receipt of pension benefits before the recipient's sixty-fifth birthday, which precludes coordination. Defendants answer that the pension provision prohibits reduction of the pension benefit by the amount of worker's compensation benefits, but that it does not preclude coordination through a reduction of worker's compensation benefits by the amount of pension benefits.

We agree with plaintiff. The commission's reliance on the "plain meaning of the language in § 3.10 of the agreement" is misplaced. The commission elevated the "plain meaning of the language" over what it conceded was probably the intent of the parties. The commission ignored the primary rule of construction of an ambiguous provision in a contract, which is to ascertain the intent of the parties. *In re Loose,* 201 Mich App 361, 367; 505 NW2d 922 (1993). The provision is ambiguous because it is subject to two or more reasonable interpretations. *Petovello v Murray,* 139 Mich App 639; 362 NW2d 857 (1984). The ambiguity is illustrated by the different interpretations given to the

provision by the magistrate, by the Appellate Commission, and by the parties.

We conclude that the parties must have intended to prohibit coordination before a recipient's sixty-fifth birthday because, otherwise, the provision would have been unnecessary. If the parties intended to allow coordination, § 3.10 would be unnecessary because coordination would be required by § 354(1) without contrary language.

We find it significant, too, that the pension agreement became effective on November 15, 1982, shortly after the effective date of § 354(14), suggesting that the parties reacted to the renewal option in § 354(14).

The decision of the Appellate Commission is reversed, and defendants may not coordinate plaintiff's worker's disability compensation benefits with his permanent-incapacity pension benefits until he reaches age sixty-five.