635 N.W.2d 307 (2001)
Gordon McCARTY, Plaintiff-Appellant,
v.
McLOUTH STEEL PRODUCTS CORP. and Michigan Mutual Insurance Company, Defendants-Appellees.
Docket No. 118933, COA No. 229352.
Supreme Court of Michigan.
November 16, 2001.
On order of the Court, the application for leave to appeal from the March 12, 2001 decision of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.
MARKMAN, J., concurs and states as follows:
I join in the decision of the majority to deny the instant application for leave to appeal for the reasons set forth in the order of the Court of Appeals. In particular, I agree that the decision of the Court of Appeals in Sterner v. McLouth Steel Products, 211 Mich.App. 354, 536 N.W.2d 225 (1995), does not control the instant matter. However, to the extent that Sterner was not distinguishable, I would favor a grant to review this decision. While I am uncertain whether Sterner did or did *308 not reach the correct result in its interpretation of M.C.L. § 418.354(14), I am persuaded that it reached its result through an improper analysis. In Sterner, the Court of Appeals criticized and reversed the WCAC for having "elevated the `plain meaning of the language' [of the pension agreement] over what [the WCAC] conceded was probably the intent of the parties." Sterner at 357, 536 N.W.2d 225. In my judgment, the "plain meaning of the language" of a pension agreement, or of any other agreement, in fact, evidences the intent of the parties. While the Court proceeded to suggest that the "plain meaning" of the agreement was not as clear as the WCAC believed, the Court's apparent rejection of what is perhaps the first principle of contractual interpretation leads me to favor according a second look at Sterner at the appropriate time.
MARILYN J. KELLY, J., dissents and states as follows:
I would grant leave to appeal in this case, because I disagree with the Court of Appeals conclusion that the case is distinguishable from Sterner v. McLouth Steel Products, 211 Mich.App. 354, 536 N.W.2d 225 (1995). Plaintiffs claim that, pursuant to M.C.L. § 418.354, their pension plan monies should not be coordinated with their worker's compensation benefits. Section 354 provides for a reduction in worker's compensation benefits for employees receiving pension benefits. Pension plans begun or renewed after March 31, 1982, may provide that their benefits are not to be coordinated with worker's compensation benefits. MCL 418.354(14).
The pension plan in question was effective November 15, 1982. It can and does preclude coordination, stating "that any payments received by the participant under such laws [including worker's compensation] shall not be deducted from any such amount for permanent incapacity retirement payable prior to age 65.... [§ 3.10.]"
The identical contract provision promulgated by the same parties was at issue before the Court of Appeals in Sterner. There, the plaintiff made the same argument that plaintiff makes here. The Court of Appeals specifically found the provision to be ambiguous. 211 Mich.App at 357, 536 N.W.2d 225. It then concluded that the pension plan language intended to preclude the coordination of benefits. Id. at 358, 536 N.W.2d 225. Thus, defendant McLouth has been on notice since 1995 that this particular provision was regarded as barring coordination, but failed to change it.
Defendants allege that the record shows that no one considered whether benefits would be coordinated at the time the plan in this case was adopted. From that it concludes that those adopting the plan did not intend to alter the coordination provision of section 354. I disagree. That its adoptors were unaware of the pension plan language sheds no light on the meaning of the language. Moreover, defendants certainly were aware of the meaning ascribed to it after the Sterner litigation and defendant McLouth had an opportunity to alter the language. Therefore, I conclude that Sterner is not distinguishable and this Court should grant leave to appeal.
MICHAEL F. CAVANAGH, J., concurs with the statement of MARILYN J. KELLY, J.