CROSSLEY v ALLSTATE INSURANCE COMPANY

Docket Nos. 71053, 73645. Submitted July 16, 1984, at Lansing.—
Decided October 19, 1984.

The home and garage of David and Cindee Crossley were destroyed by two fires that the fire department concluded were deliberately set. Allstate Insurance Company, the insurer of the house and garage, rejected the Crossleys' proof of loss claiming that the amount submitted by Mr. Crossley greatly exceeded the actual cash value of the loss and that the fires were set by or at the direction of Mr. Crossley. David Crossley filed suit against Allstate Insurance Company in Genesee Circuit Court alleging breach of contract, unfair trade practices and infliction of emotional distress. Defendant moved to join Cindee Crossley as a party plaintiff, but the motion was denied, Harry B. McAra, J., because Mrs. Crossley had assigned all of her rights, title and interest in the insurance policy to her husband. Plaintiff filed a motion for partial summary judgment on the breach of contract claim, claiming that there was no credible evidence to support defendant's allegation that plaintiff participated in the setting of the fires or that he wilfully intended to defraud defendant about the amount of the loss. The motion was granted on the ground that there was no credible evidence to support defendant's affirmative defenses of arson and fraud. Defendant sought leave to appeal. In the meantime, an appraiser was appointed to determine the amount of loss. The appraiser found the amount of the loss to be $54,000. That amount was awarded to plaintiff. Defendant appealed from the judgment granting the $54,000 award. Thereafter, the Court of Appeals granted defendant leave to appeal from the order granting partial summary judgment on the breach of contract

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[3] 73 Am Jur 2d, Summary Judgment § 36.
[4] 5 Am Jur 2d, Arson § 46.
  30 Am Jur 2d, Evidence § 1163.
[4, 5] 44 Am Jur 2d, Insurance §§ 1938, 2041.
[5] 5 Am Jur 2d, Arson §§ 47, 53.
[6] 44 Am Jur 2d, Insurance § 2054.

claim in favor of plaintiff. The appeals have been consolidated.
*Held:*

1. The trial court erred in granting partial summary judgment in favor of plaintiff. The defendant produced sufficient evidence of arson to defeat a motion for summary judgment.

2. Plaintiff's argument that, since the only allegations of wrongdoing pertained to his wife and since a claim of fraud against an insured bars only the claim of the insured who has committed the fraud, Allstate is still obligated to pay the $54,000 to him is rejected. By accepting Mrs. Crossley's assignment of her rights under the policy to him, Mr. Crossley also became susceptible to all defenses assertable against Mrs. Crossley.

Reversed and remanded for trial.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — MATERIAL FACT — COURT RULES.

A party seeking summary judgment on the ground that no genuine issue of material fact exists is required to identify by supporting affidavit those facts which it believes cannot be genuinely disputed and the opposing party must make a showing by opposing affidavits, testimony, depositions, admissions or documentary evidence on file that a genuine issue of disputed fact does exist; while opinions, conclusory denials, unsworn averments and inadmissible hearsay do not satisfy the court rule, a promise to produce evidence may suffice under some circumstances (GCR 1963, 117.2[3]).

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — MATERIAL FACT — COURT RULES.

A court reviewing a motion for summary judgment on the ground that no genuine issue of material fact exists must give every reasonable doubt to the opposing party and should not grant the motion unless convinced that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome; the court must avoid making findings of fact under the guise of determining that no issues of material fact exist (GCR 1963, 117.2[3]).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — MOTIVE — INTENT — CREDIBILITY OF WITNESSES — COURT RULES.

The appropriateness of the granting of a motion for summary judgment on the ground that there is no genuine issue of material fact is especially subject to attack where motive and intent are at issue in the case or where the credibility of a witness or deponent is crucial (GCR 1963, 117.2[3]).

4. INSURANCE — ARSON — BURDEN OF PROOF — INSURERS.

The burden is placed on the insurer who raises an arson defense to an action brought by an insured to collect insurance proceeds for the loss of his home and garage to prove by a preponderance of the evidence that the plaintiff insured set fire to the buildings or caused them to be set on fire.

5. ARSON — ELEMENTS OF OFFENSE — CIRCUMSTANTIAL EVIDENCE — MOTIVE — OPPORTUNITY — INCENDIARY ORIGINS.

The elements of arson may be established by circumstantial evidence where there is evidence of motive and opportunity and independent evidence of the incendiary origins of the fire.

6. INSURANCE — FRAUD.

A claim of fraud against an insured bars only the claim of an insured who has committed the fraud and will not be read to bar the claim of any insured under the policy who is innocent of fraud.

*Leitson & Pabst, P.C.* (by *Tom R. Pabst*), for plaintiff.

*Denenberg, Tuffley, Thorpe, Bocan & Patrick* (by *Charles R. Tuffley* and *Stephen D. Duggan*), for defendant.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and C. W. SIMON, JR.,* JJ.

PER CURIAM. On March 14 and 15, 1982, plaintiff and his wife, Cindee Crossley, incurred losses through fire to their garage and home, respectively. The Genesee Central Fire Department concluded that the fires were deliberately set. By letter of July 23, 1982, defendant rejected the plaintiff's proof of loss. It claimed that the amount submitted by plaintiff greatly exceeded the actual cash value of the loss and that the fires were set or procured to be set by plaintiff.

On July 12, 1982, plaintiff filed a complaint against defendant for breach of contract, unfair

---

* Circuit judge, sitting on the Court of Appeals by assignment.

trade practices and infliction of emotional distress. Later, defendant moved to join Cindee Crossley as a party plaintiff, but the motion was denied because Cindee had assigned all of her rights, title and interest in the policy to her husband on October 25, 1982. Thereafter, plaintiff brought a motion for partial summary judgment, claiming that there was no credible evidence to support defendant's allegation that plaintiff participated in the setting of the fires or that he wilfully intended to defraud defendant about the amount of loss. Although the motion did not recite under which subrule of GCR 1963, 117.2 it was brought, it relied upon the affidavit of plaintiff, the pleadings and the deposition testimony. Thus, we treat it as a motion under GCR 1963, 117.2(3).

A hearing was held on January 17, 1983. The court took the motion under advisement pending the completion of discovery. Further depositions were taken. The motion was reheard and granted on March 7, 1983, because:

"it appearing to the court, after having examined the complete file, that there is no credible evidence to support defendant's affirmative defenses of arson and fraud * * *"

Defendant moved for leave to appeal from the lower court's grant of partial summary judgment. Meanwhile, the circuit court ordered that defendant appoint an appraiser to determine the amount of loss. An award of $54,000 was certified by the appraisers and umpire. Judgment was entered on this award on August 22, 1983. Defendant filed an appeal as of right from the judgment (Docket No. 73645). An order staying execution of judgment pending appeal was entered on September 19, 1983. On September 20, 1983, this Court

granted leave on the order of partial summary judgment (Docket No. 71053). The cases were consolidated by this Court. We reverse.

In ruling on a motion for summary judgment pursuant to GCR 1963, 117.2(3), the trial court:

"has the limited function of determining whether material issues of fact exist. The moving party is required to identify by supporting affidavit those facts which it believes cannot be genuinely disputed. The opposing party must make a showing by opposing affidavits, testimony, depositions, admissions or documentary evidence on file that a genuine issue of disputed fact does exist. *Rizzo v Kretschmer,* 389 Mich 363, 371-372; 207 NW2d 316 (1973). Opinions, conclusory denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact must be established by admissible evidence. *Remes v Duby, (After Remand),* 87 Mich App 534, 537; 274 NW2d 64 (1978). However, under some circumstances, a promise to produce evidence may suffice. *Rizzo v Kretschmer, supra,* 374. Upon review of the motion, the court must give every reasonable doubt to the opposing party, and should not grant the motion unless convinced that it is impossible for the claim to be supported at trial because of some deficiency which cannot be overcome. *Id.,* 371-372. The court must avoid making findings of fact under the guise of determining that no issues of material fact exist. *Partrich v Muscat,* 84 Mich App 724, 730-731; 270 NW2d 506 (1978)." *Goldman v Loubella Extendables,* 91 Mich App 212, 217-218; 283 NW2d 695 (1979), *lv den* 407 Mich 901 (1979).

Moreover, summary judgment is especially suspect where motive and intent are at issue, *Goldman, supra,* p 218; *Durant v Stahlin,* 374 Mich 82; 130 NW2d 910 (1964), or where the credibility of a witness or deponent is crucial. *Arber v Stahlin,* 382 Mich 300; 170 NW2d 45 (1969); *Brown v Pointer,* 390 Mich 346; 212 NW2d 201 (1973).

In the instant case, defendant has raised the

defense of arson. Defendant must establish by a preponderance of the evidence that plaintiff either set fire to the buildings or caused such to be done. *George v Travelers Indemnity Co,* 81 Mich App 106; 265 NW2d 59 (1978). Furthermore, arson may be established by circumstantial evidence where there is evidence of motive (such as insurance together with business difficulties) and opportunity (such as access to the building), along with independent evidence of the incendiary origins of the fire. *George,* p 112.

Here, in giving every reasonable doubt to defendant, we believe that the lower court erred in granting partial summary judgment in favor of plaintiff. There was deposition testimony from Michigan State Police Detective Sgt. James Fahey that the house fire had three separate origins, all of which "were incendiary in origin". Fahey also did not accept the reasons for the fire given him by Cindee Crossley, namely, that the Crossley's daughter had placed some rags near the hot water heater. Fahey's investigation also disclosed that Cindee Crossley was observed leaving the garage and home on March 14 and 15, respectively, shortly before the fires were discovered. Thus, there was evidence of opportunity.

Finally, the deposition testimony indicated that plaintiff had filed for bankruptcy shortly before the time of the fires. This is sufficient evidence to raise a factual dispute as to the issue of motive. Accordingly, we believe that defendant has produced sufficient evidence of arson to defeat a motion for summary judgment. The lower court's statement in its order granting summary judgment that "there is no *credible* evidence to support defendant's affirmative defenses of arson and fraud" is not only incorrect under the material-issue-of-fact standard for motions for summary

judgment pursuant to GCR 1963, 117.2(3), keeping in mind that such evidence is to be viewed in favor of the nonmoving party, but it also suggests that the lower court improperly weighed the credibility of the evidence. See *Brown v Pointer, supra.*

Plaintiff also argues that "Mrs. Crossley is not a party to the lawsuit. Her involvement one way or the other, is not at issue. * * * [S]o long as [plaintiff] has done nothing wrong in connection with the loss * * * the alleged wrongful conduct of a co-insured would not affect [defendant's]" obligation to pay. This is premised on plaintiff's contention that the only allegations of wrongdoing pertained to Cindee Crossley, who assigned all of her rights in the insurance policy to plaintiff, and on the fact that a claim of fraud against an insured bars "only the claim of an insured who has committed the fraud and will not be read to bar the claim of any insured under the policy who is innocent of fraud". *Morgan v Cincinnati Ins Co,* 411 Mich 267, 277; 307 NW2d 53 (1981).

As defendant correctly notes, however, in accepting the assignment, plaintiff merely "stands in the shoes" of the assignor, *i.e.,* all defenses assertable against Cindee Crossley are also assertable against plaintiff. See 3 Michigan Law & Practice, Assignment, § 72, pp 49-50. Since the assignment was not effectuated until October 25, 1982, and the fires occurred in March, 1982, the defenses of arson and fraud may be asserted against plaintiff, irrespective of defendant's ability to independently establish conspiracy or active involvement on the part of plaintiff.

Reversed and remanded for trial.