BOBIER v NORMAN

Docket No. 73900. Submitted June 8, 1984, at Detroit.—Decided November 7, 1984.

Carol A. Bobier and Richard Bobier brought an action against Barry L. Norman, alleging that Norman negligently injured Carol Bobier in an automobile accident and that her injuries constituted serious impairment of a body function. Defendant brought a motion for summary judgment which was granted by the Macomb Circuit Court, George R. Deneweth, J., on the basis that there was no genuine issue of material fact and that the injuries did not constitute serious impairment of a body function. Plaintiffs appealed. *Held:*

1. A motion brought under GCR 1963, 117.1(3), on the basis of no genuine issue of material fact must be accompanied by a proper affidavit as to the facts relied upon in support of the motion. The form of the affidavit is prescribed by court rule. An affidavit signed by defendant's attorney and attesting to the truth and accuracy of the attached motion, as submitted by the defendant herein, is legally insufficient. Therefore, the motion for summary judgment should not have been heard or granted.

2. Plaintiffs' response to the improper affidavit, by the filing of an opposing affidavit of like kind, did not waive their objection to the error.

Reversed and remanded.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — NO GENUINE ISSUE OF MATERIAL FACT.

A party bringing a motion for summary judgment under GCR 1963, 117.2(3) has the burden of showing that on the whole record no genuine issue of material fact remains to be tried and that no future development of the evidence could justify a judgment in the opposing party's favor.

2. MOTIONS AND ORDERS — SUMMARY JUDGMENT — AFFIDAVITS.

A motion for summary judgment on the ground that there exists no genuine issue of material fact must be accompanied by a

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 73 Am Jur 2d, Summary Judgment §§ 12 *et seq.*, 26, 27.
[2, 3] 73 Am Jur 2d, Summary Judgment §§ 18, 22, 24.

supporting affidavit made on personal knowledge and showing affirmatively that the affiant, if sworn as a witness, could testify competently to the facts therein or, alternatively, an affidavit naming specifically persons who are unavailable as affiants together with reasons why their testimony cannot be procured and a belief as to the nature of their probable testimony; an affidavit signed by counsel which states only that the content of the motion is true to his knowledge and belief is legally insufficient (GCR 1963, 116.4, 116.6, 117.3).

3. MOTIONS AND ORDERS — SUMMARY JUDGMENT — AFFIDAVITS.

A defendant's attorney's improper affidavit accompanying a motion for summary judgment is not waived by the plaintiff's submission of an opposing affidavit of like kind, because the plaintiff has no responsibility to submit any affidavit until the defendant submits a proper affidavit.

*Donald P. Howard,* for plaintiffs.

*Halsey, Halsey & Pommerening* (by *Lee E. Halsey),* for defendant.

Before: R. M. MAHER, P.J., and HOOD and R. B. MARTIN,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the trial court's grant of defendant's motion for summary judgment. GCR 1963, 117.2(3).

Plaintiffs' complaint alleged that defendant negligently injured Carol Bobier by losing control of his car, crossing the highway median, and colliding with the Bobier vehicle. Plaintiffs alleged that Carol Bobier's injuries constituted serious impairment of a body function.

After defendant deposed Carol Bobier, he moved for summary judgment. The motion alleged that Ms. Bobier had not suffered death, permanent serious disfigurement, or serious impairment of body function. MCL 500.3135(1); MSA 24.13135(1). Defendant framed the motion as one for judgment

* Circuit judge, sitting on the Court of Appeals by assignment.

for plaintiffs' failure to state a claim, but based the motion upon the file, record to date, and attached affidavit and memorandum of law. The attached affidavit was signed by defendant's attorney and attested to the truth and accuracy of the attached motion. The memorandum consists of two pages and contains defendant's version of Carol Bobier's medical proofs without reference to pages in her deposition transcript or to medical evidence in the record. Defendant cited the case of *Cassidy v McGovern,* 415 Mich 483; 330 NW2d 22 (1982), in support of his motion.

At the hearing on the motion, plaintiffs' counsel objected to the form of defendant's affidavit. GCR 1963, 117.3, 116.4, and 116.6. Without addressing the procedural issue, the trial court granted defendant's motion, finding that plaintiffs had not met the no-fault threshold of either serious impairment of body function or permanent serious disfigurement.

In this appeal, plaintiffs argue that: (1) the motion should not have been granted because it was procedurally defective, and (2) the trial court erred substantively by finding as a matter of law that Carol Bobier's injuries did not cause serious impairment of body function or permanent disfigurement. We agree with plaintiffs' argument that defendant's motion was procedurally defective and, therefore, should not have been heard.

Although not specifically cited in defendant's motion, defendant does not dispute that this motion was one brought pursuant to GCR 1963, 117.2(3). In a motion for summary judgment pursuant to GCR 1963, 117.2(3), the movant has the burden of showing that, on the whole record, there remains no genuine issue of material fact to be tried and that no future development of the evidence could justify a judgment in the plaintiff's

favor. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). To meet this burden, GCR 1963, 117.3 requires the movant to submit an affidavit with his or her motion. This Court has indicated the importance of such an affidavit by making the failure to supply an affidavit reversible error per se even when the motion is supported by other proof in the record. *Nabkey v Kent Community Action Program, Inc,* 99 Mich App 480, 483; 298 NW2d 11 (1980). Further, the court rule specifies that the affidavit must be of a special form to meet the movant's burden. Normally, the affidavit must be made on personal knowledge and show affirmatively that the affiant, if sworn as a witness, could testify competently to the facts contained therein. GCR 1963, 116.4. An affidavit signed by counsel that states only that the content of the motion is true to his or her knowledge and belief is, therefore, legally insufficient. *Soderberg v Detroit Bank & Trust Co,* 126 Mich App 474, 478; 337 NW2d 364 (1983). However, when the material facts essential to justify the movant's position are known only to persons whose affidavits cannot be procured by the movant, an alternative form of affidavit is allowed. This affidavit must name the unavailable affiants and state why their testimony cannot be procured, together with a belief and reasons therefore as to the nature of their probable testimony. GCR 1963, 116.6. The failure to file the affidavit required by GCR 1963, 116.6 precludes excusing the failure to file the affidavits required by GCR 1963, 116.4. *Allstate Ins Co v Beauregard,* 119 Mich App 103, 108; 326 NW2d 439 (1983).

In this case, a proper affidavit would have specifically directed the trial court's attention to that part of Carol Bobier's deposition testimony that supported defendant's argument. Also, the affidavit should have directed the trial court's attention to

anticipated medical testimony. We note that none of Carol Bobier's attending physicians were deposed nor apparently had plaintiffs or defendant submitted any of Carol Bobier's medical records to the court.

Defendant argues that even if his attorney's affidavit was improper, plaintiffs waived objection to this error by submitting an opposing affidavit of like kind. This argument has no merit. Plaintiffs had no responsibility to submit any affidavit until defendant submitted a proper affidavit as to a dispositive fact. *Hollowell v Career Decisions, Inc,* 100 Mich App 561, 566; 298 NW2d 915 (1980). Therefore, the attorney's signature on plaintiffs' answer to the motion was, in essence, a verification required by GCR 1963, 110.2(2) and GCR 1963, 114.

Because we find that the trial court improperly addressed defendant's motion for summary judgment, we need not address plaintiffs' substantive issue on appeal.

Reversed and remanded.