SSC ASSOCIATES LIMITED PARTNERSHIP v GENERAL
RETIREMENT SYSTEM OF THE CITY OF DETROIT

Docket No. 120281. Submitted February 20, 1991, at Detroit. Decided
December 27, 1991, at 9:45 A.M.

SSC Associates Limited Partnership brought an action in the
Wayne Circuit Court against the General Retirement System of
the City of Detroit, seeking a refund for the alleged overpay-
ment of interest on a mortgage note. Both parties moved for
summary disposition on the ground that there was no genuine
issue of material fact, agreeing that the only issue before the
court was the interpretation of the contract and claiming that
the contract was not ambiguous, yet disputing the meaning of
the contract term "internal rate of return." The court, Kaye
Tertzag, J., appointed an expert to determine the accepted
meaning, if any, of the disputed term. The expert, in letters to
the court and both parties' counsel, reported that, in his
opinion, the plaintiff's interpretation of the term was correct.
The court adopted the expert's opinion, along with the opinion
of the plaintiff's accountant contained in a letter and that of a
partner in the plaintiff partnership contained in an affidavit
regarding the meaning of the term, determined that there was
no genuine issue of a material fact, and granted summary
disposition for the plaintiff. The defendant appealed.

The Court of Appeals *held:*

The court was apparently under the erroneous belief that,
because the defendant failed to submit any affidavits or other
evidence in opposition to the plaintiff's motion and because the
expert and the accountant agreed with the plaintiff's position,
there was no material issue of fact and the plaintiff was
entitled to summary disposition. The party opposing a motion
for summary disposition has no obligation to submit an affida-
vit showing that there is truly a dispute until the moving party
submits a proper affidavit regarding a dispositive fact. The

REFERENCES

Am Jur 2d, Motions, Rules, and Orders §§ 11, 13, 20; Summary
Judgment §§ 5, 16-18.
See the Index to Annotations under Affidavits; Motions; Summary
Judgment.

plaintiff failed to file legally sufficient affidavits in support of its motion, and the defendant was under no obligation to submit affidavits in response to the plaintiff's defective motion. The court erred in adopting the expert's unsworn statements and opinions written in a letter as indisputable evidence of the meaning of the ambiguous contract phrase and in determining that the phrase was no longer ambiguous.

Reversed.

MARILYN KELLY, J., dissenting, stated that the plaintiff met its initial burden of supporting its position that the term "internal rate of return" was unambiguous and that the defendant incorrectly applied it. It then became incumbent on the defendant to respond with something in order to establish a genuine issue of fact, and the defendant failed to do so. Even if the plaintiff's supporting documents did not strictly satisfy the requirements of MCR 2.116(G)(3)(b), under the unique facts of this case, the objectives of the rule were met and the court's decision should be affirmed.

1. MOTIONS AND ORDERS — SUMMARY DISPOSITION — CONTRACTS — JUDICIAL CONSTRUCTION — AMBIGUITY.

In response to a motion for summary disposition in an action for breach of contract, a trial court may determine the meaning of the contract only when the terms are not ambiguous.

2. MOTIONS AND ORDERS — SUMMARY DISPOSITION — ISSUES OF FACT — AFFIDAVITS.

Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in a motion for summary disposition based on the lack of a genuine issue of material fact must be filed with the motion; the purpose is to help the court determine whether an issue of fact exists, not to resolve such issues; opinions, conclusionary denials, unsworn averments, and inadmissible hearsay are not sufficient, and the party opposing the motion has no obligation to submit any affidavit showing that there is truly a dispute until the moving party submits a proper affidavit regarding a dispositive fact (MCR 2.116[C][10], [G][3],[4]).

*Jaffe, Snider, Raitt & Heuer, P.C. (by Melanie LaFave), for the plaintiff.*

*Ronald Zajac, P.C. (by Ronald Zajac), for the defendant.*

Before: Reilly, P.J., and Shepherd and Marilyn Kelly, JJ.

Reilly, P.J. Defendant appeals as of right from the circuit court's order granting summary disposition to plaintiff based on no genuine issue of material fact. MCR 2.116(C)(10). We reverse.

On December 13, 1984, plaintiff executed a mortgage note for $5,500,000 payable to defendant. On October 8, 1986, it prepaid the note, defendant having determined that the amount owed was $6,007,910. Plaintiff later demanded a partial refund, alleging that defendant miscalculated the interest due. When defendant refused the request, plaintiff filed a complaint, claiming that defendant had breached the terms of the note.

The note provided in pertinent part:

Minimum Interest Return. Notwithstanding anything to the contrary contained in this Note, the total amount of interest to be paid by Maker to Payee shall not be less than an amount sufficient to pay to Payee an internal rate of return of fourteen and one half (14½%) percent per annum, as calculated by Payee, on the Principal Balance.

The court initially denied the parties' respective motions for summary disposition. It then appointed an expert to determine the accepted meaning, if any, in the financial community of the contract term "internal rate of return." The expert reported by letter to the court and to both counsel. In the expert's opinion, plaintiff's interpretation of the term was correct, and interest should have been computed to yield the annual rate of 14.5 percent. Defendant had computed the interest at 15.5 percent.

Following receipt of the expert's letter, the parties renewed their motions for summary disposi-

tion, claiming there was no genuine issue of a material fact. The parties agreed that the only issue before the court was the interpretation of the contract. They argued it was not ambiguous, yet they disputed the meaning of the contract term "internal rate of return . . . as calculated by Payee."

In response to a motion for summary disposition in an action for breach of contract, a trial court may determine the meaning of the contract only when the terms are not ambiguous. If the terms are subject to two or more reasonable interpretations, a factual development is necessary to determine the intent of the parties and summary disposition is inappropriate. *Petovello v Murray,* 139 Mich App 639; 362 NW2d 857 (1984). Here the trial court acknowledged that it did not know the meaning of the phrase. In an attempt to determine whether the phrase had an accepted meaning in the trade, the court, relying on MRE 706(a), sought the opinion of an expert. The parties did not object. In fact, the expert's credentials apparently were acknowledged by both parties, and they shared the cost of his fee. However, the record does not show that defendant waived its rights under MCR 2.116(G)(3). Nor does it show that defendant agreed that the expert's opinion would be binding.

The trial court adopted the expert's opinion, submitted in letter form, determined that there was no genuine issue of a material fact, and granted plaintiff summary disposition under MCR 2.116(C)(10). We hold that this was error.

A motion for summary disposition brought under MCR 2.116(C)(10), based on the lack of a genuine issue of material fact, tests whether there is factual support for the claim.

Affidavits, depositions, admissions, or other docu-

mentary evidence in support of the grounds asserted in the motion must be filed with the motion. MCR 2.116(G)(3). The affidavits must be made on the basis of personal knowledge and must set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the motion. *Durant v Stahlin,* 375 Mich 628; 135 NW2d 392 (1965). They do not resolve issues of fact. Their purpose is to help the court determine whether an issue of fact exists. *Id.* at 640, 645-647. Opinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact (or the lack of it) must be established by admissible evidence. *Remes v Duby (After Remand),* 87 Mich App 534, 537; 274 NW2d 64 (1978).

The party opposing the motion must then come forward with a showing that there is truly a dispute. *Hollowell v Career Decisions, Inc,* 100 Mich App 561; 298 NW2d 915 (1980). However, the party opposing a motion for summary disposition has no obligation to submit any affidavit until the moving party submits a proper affidavit regarding a dispositive fact. *Bobier v Norman,* 138 Mich App 819; 360 NW2d 313 (1984). In ruling on the motion, the trial court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties. MCR 2.116(G)(5). *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988). Giving the benefit of all reasonable doubt to the opposing party, the trial court must determine whether the kind of record that might be developed would leave open an issue upon which reasonable minds could differ. *Weeks v Bd of Trustees, Detroit General Retirement System,* 160 Mich App 81, 84; 408 NW2d 109 (1987). A reviewing court should be liberal in finding that a genuine issue of material

fact exists. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973). A court must be satisfied that it is impossible for the claim or defense to be supported at trial because of some deficiency which cannot be overcome. *Id.* at 371.

It is well settled that where the truth of a material factual assertion of a moving party's affidavit depends on the affiant's credibility, there exists a genuine issue to be decided at trial by the trier of fact and a motion for summary disposition cannot be granted. *Metropolitan Life Ins, supra; Brown v Pointer,* 390 Mich 346, 354; 212 NW2d 201 (1973); *Crossley v Allstate Ins Co,* 139 Mich App 464, 468; 362 NW2d 760 (1984).

The trial court must not usurp a trial jury's right, nor anticipate its own right as the trial factfinder if such it may become later, to determine the affiant's credibility. *Durant, supra* at 647-652. Moreover, summary disposition is especially suspect where motive and intent are at issue, or where the credibility of a witness or deponent is crucial. *Crossley, supra.*

Plaintiff submitted only one affidavit relating to the meaning of the phrase in controversy, that of George Nyman, one of the partners in the plaintiff partnership. The sworn affidavit stated that the partnership understood that upon prepayment the city was entitled to be paid interest reflecting an internal rate of return of 14.5 percent per annum. This was a self-serving statement of opinion for which no factual support was offered. Because of Mr. Nyman's involvement in the partnership, his sworn statement is naturally suspect. Furthermore, his affidavit did not resolve the ambiguity. It merely reasserted plaintiff's version of the contract language.

Defendant did not offer any affidavits, letters, or other evidence in support of its petition that the

contract phrase, when taken in context, was unambiguous and could only be interpreted to mean a return of 15.5 percent.

At the hearing regarding the motion, the trial court considered the letter opinions from the court's expert and plaintiff's accountant, both of which favored the plaintiff's interpretation, and granted plaintiff's motion. The court was apparently under the erroneous belief that because defendant failed to submit any affidavits or other evidence in opposition to the motion in accordance with MCR 2.116(G)(4) and the expert and accountant agreed with plaintiff's position, there was no material issue of fact and plaintiff was entitled to the relief requested.

As noted above, it is incumbent upon the moving party to support its claim that no material issue of fact exists with affidavits, depositions, admissions, or other admissible documentary evidence. These documents are not to be used to resolve a question of fact. They may only be considered to determine whether an issue of fact exists. *Durant, supra* at 640, 645-647. The issue of fact presented here was whether the contract language should be interpreted to mean 14.5 percent or 15.5 percent. The trial court acknowledged that it did not know the meaning of the phrase being disputed. That alone was sufficient to raise a genuine issue of fact.

The plaintiff's motion was supported only by an affidavit from a partner whose credibility may be crucial to resolution of the disputed issue of fact. Even assuming his statements regarding the partnership's understanding were true, they were not dispositive of the meaning of the contract language. Accordingly, Mr. Nyman's affidavit was not sufficient to support plaintiff's claim that the contract phrase was unambiguous.

The authority to appoint an advisory expert

under MRE 706(a) does not permit the court to ignore the requisites of MCR 2.116(G)(3). The court may not adopt the expert's unsworn statements and opinion, written in a letter, as indisputable evidence of the meaning of an ambiguous contract phrase, determine that the phrase is no longer ambiguous, and thereby resolve a motion for summary disposition under MCR 2.116(C)(10). Nor may the court use the unsworn letter of plaintiff's accountant to resolve the ambiguity. The unsworn letters were insufficient to support plaintiff's motion because they were hearsay statements of opinion. By resolving the issue of fact in this manner, the trial court usurped the function of the factfinder. *Durant, supra* at 645-652.

Defendant was under no obligation to submit affidavits in response to plaintiff's defective motion. *Jones v Shek,* 48 Mich App 530, 533; 210 NW2d 808 (1973); *Bobier, supra.* Plaintiff's failure to file legally sufficient affidavits in support of its motion was fatal to the motion even absent any objection by the defendant. MCR 2.116(G)(3); *Kern v Pontiac Twp,* 93 Mich App 612; 287 NW2d 603 (1979). Similarly, by acquiescence in the court's utilization of an expert, defendant did not bind itself to be subject to the expert's opinion or waive its rights under MCR 2.116(G)(3).

The plaintiff failed to show by proper evidence that there was no issue regarding the meaning of the phrase "internal rate of return . . . as calculated by Payee." The ambiguity in the contract was not properly resolved under MCR 2.116(C)(10). The plaintiff's motion should not have been granted.

Reversed.

SHEPHERD, J., concurred.

MARILYN KELLY, J. *(dissenting).* I respectfully

dissent. The trial court properly found no genuine issue of material fact. MCR 2.116(C)(10).

When asserting its own C(10) motion, defendant claimed that no genuine issue of material fact exists. However, in responding simultaneously to plaintiff's motion and later on appeal, defendant argues that there is a factual issue and that it involves the meaning of "internal rate of return." Defendant claims that the court unjustifiably relied on the expert's opinion when ruling in plaintiff's favor.

A motion for summary disposition under MCR 2.116(C)(10) tests whether there is factual support for a claim. The moving party has the initial burden of supporting its position by "affidavits, depositions, admissions, or other documentary evidence." MCR 2.116(G)(3)(b); *Ward v Frank's Nursery & Crafts, Inc,* 186 Mich App 120, 134; 463 NW2d 442 (1990).

Although the predecessor rule, GCR 1963, 117.3, required the submission of an affidavit in support of the motion, MCR 2.116(C)(10) is satisfied by submission of any form of documentary evidence. *Michigan National Bank-Oakland v Wheeling,* 165 Mich App 738, 742-743; 419 NW2d 746 (1988); 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 304-305.

Under the current applicable court rule, the party opposing the motion is then required to respond with affidavits or other evidentiary materials to show the existence of a factual dispute. MCR 2.116(G)(4); *McCart v J Walter Thompson USA, Inc,* 437 Mich 109, 115-116; 469 NW2d 284 (1991). When the opposing party fails to submit such evidence, relying instead merely upon the allegations or denials of its pleadings, summary disposition is proper. *Id.*

In this case, plaintiff adequately carried the initial burden of producing evidence that it had an obligation under the contract to pay only 14.5 percent interest, not 15.5 percent. *Ward, supra,* 134. Plaintiff submitted an affidavit and two letters in support of its position: (1) a letter-opinion from the court-appointed expert; (2) an affidavit of a partner in the plaintiff partnership; and (3) a letter from plaintiff's accountant.

Defendant argues that the judge improperly delegated his authority and that it did not have an opportunity to cross-examine the expert as to his opinion. However, defendant did not object to the appointment of the expert. Nor did it attempt to cross-examine or depose him. Defendant raised no objections until the court ruled in plaintiff's favor. The record reveals nothing improper about the appointment. See MRE 706(a). Defendant had ample opportunity to question the expert.

The expert's opinion constituted reliable proof to which the expert could have testified supporting plaintiff's position that "internal rate of return" was unambiguous and that defendant incorrectly applied it. Even assuming, as the majority stresses, that plaintiff's supporting documents did not strictly satisfy the requirements of MCR 2.116(G)(3)(b), the trial court was familiar with the authenticity of the expert's report. Under the unique facts of this case, the objectives of MCR 2.116(G)(3)(b) were met. *Wheeling, supra,* 743.

After submission of the expert's letter, it became incumbent on defendant to respond with something in order to establish a genuine issue of fact. Defendant put forth nothing suggesting that the contract term was subject to any other reasonable interpretation than that advanced by plaintiff and endorsed by the court's expert. Instead, it presented only the unsworn argument of its counsel

that the disputed term was unambiguous and correctly applied by defendant.

The fact that the trial judge may not have known the meaning of the term did not render it ambiguous. A determination that ambiguity existed could only properly have been made, under MCR 2.116(G)(4), once defendant responded to plaintiff's motion for summary disposition with an affidavit, deposition, admission or documentary evidence.

If defendant had submitted evidence to the trial judge indicating that the expert's opinion was flawed, summary disposition would have been improper. However, given defendant's complete failure to meet plaintiff's proofs, the trial court was left with no choice but to dismiss the case. *McCart, supra,* 115-116.

The decision should be affirmed.