# STATE OF MICHIGAN

# COURT OF APPEALS

VICTORIA LUND,

Plaintiff-Appellant,

v

TRAVELERS INDEMNITY COMPANY OF
AMERICA and RANDY KURTZ,

Defendant,

and

CON-WAY FREIGHT, INC.,

Defendant-Appellee.

UNPUBLISHED
December 29, 2016

No. 330212
Kent Circuit Court
LC No. 14-005626-NF

Before: BORRELLO, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

In this action to recover first-party personal injury protection (PIP) benefits no-fault act, MCL 500.3101 *et seq.*, plaintiff appeals by right the trial court's November 2, 2015 order granting the motion for summary disposition of defendant Con-way Freight Inc.[1]  We affirm.

On October 19, 2012, plaintiff was struck by a Con-way truck driven by Randy Kurtz while walking across Fulton Street at Division Avenue in the city of Grand Rapids.  Plaintiff was transported to St. Mary's Hospital where she was treated for a concussion and a head laceration that required closing with nine staples; plaintiff was discharged from the hospital on October 22, 2012.  Defendant apparently paid all plaintiff's medical expenses incurred through the date of

---

[1] Con-way Freight is the sole remaining defendant in this action.  Plaintiff originally included third-party claims against Con-way and its driver, Randy Kurtz, and a PIP claim against Travelers Indemnity Company of America.  On September 26, 2014, plaintiff dismissed her third-party claims, and filed an amended complaint seeking PIP benefits only against Con-way and Travelers.  Because Conway is self-insured, see MCL 500.3101(4), a stipulated order dismissing Travelers was entered on December 16, 2014.  Consequently, as used in this opinion, defendant refers only to Con-way Freight, Inc.

her hospital discharge. Defendant, however, contested that various complaints plaintiff began treating for in 2013 were related to injuries from the auto accident.

Plaintiff is a self-sufficient, middle-aged woman with schizophrenia living on Social Security Supplemental Security Income (SSI), food stamps; her health care expenses are provided by Medicaid. Both before and after the accident, plaintiff controlled her schizophrenia by taking monthly injections of Haloperidol (Haldol). Both before and after the accident, a charitable organization, the Servants Center, acted as plaintiff's SSI payee and assisted her with housing placements. Plaintiff was not working before the accident and remained unemployed after the accident; she presented no wage-loss claim. Except for a neighbor who volunteered to walk with her across busy streets for a few months following the accident and moving to a better apartment, her life remained the same as before the accident.

Twice in 2013 and several times during 2014, plaintiff sought treatment for various complaints, including dizziness, balance, pain, and numbness. Plaintiff's counsel submitted to defendant medical billing statements, including secondary statements from a health care payments subrogation company, First Recovery Group. Defendant disputed that these expenses were related to the accident, leading to this lawsuit. During discovery, plaintiff failed to appear for her scheduled deposition several times and also failed to appear for three scheduled independent medical exams. Based on plaintiff's failure to cooperate, plaintiff's counsel moved to withdraw from the case on August 3, 2015. Contemporaneously, on July 27, 2015, the Servants Center moved the appropriate courts to modify its limited guardianship and special conservatorship to intervene on plaintiff's behalf in this litigation. The petitioner alleged that plaintiff had "suffered a traumatic brain injury after being hit by a semi-truck" but that she was not following through with her appointments with her attorney, and, in fact, had "repeatedly told her attorney that she wants the action dismissed[.]" Orders entered on August 6, 2015, authorizing the limited guardian to exercise "legal authority to assist [plaintiff] with the personal injury settlement[.]" Thereafter, plaintiff's counsel moved to stay proceedings, which the trial court denied; the trial court also denied defendant's motion to dismiss based on plaintiff's failure to permit discovery. Plaintiff was finally deposed on August 19, 2015.

Based on plaintiff's deposition testimony and her answers to interrogatories that were similar, defendant moved for summary disposition on the basis that plaintiff had not presented evidence that plaintiff's claims were related to the motor vehicle accident. In response, plaintiff summarized the dates plaintiff sought treatment for various complaints and attached billing statements from providers and recapitulations of billing statements by the subrogation firm First Recovery Group. Plaintiff did not present any affidavits or depositions of medical experts to support her claim. The trial court held a hearing on the motion for summary disposition on October 30, 2015. In its opinion and order, the court summarized plaintiff's testimony:

> Plaintiff testified that she has experienced spells of vision and balance problems since the accident. She experienced dizziness the first two or three days of her initial hospital stay and then symptoms improved. The episodes resurfaced several months later and would occur every couple of months. As of the date of her deposition, she had not experienced a bout of imbalance [or] of dizziness in four months. Plaintiff also testified that she has been taking a Haldol injection once a month for the past four years. Plaintiff stated that her doctor indicated that

Haldol can affect vision and balance. She was not sure if her dizziness and imbalance was connected to the accident injuries or the Haldol.

The trial court first noted that there was no dispute that plaintiff had not suffered any wage loss as a result of the accident to support a no-fault work-loss claim, MCL 500.3107(1)(b). Similarly, the evidence did not support a clam for attendant care or replacement services, because the help plaintiff received from her neighbor without expectation of compensation was not an allowable expense, citing *Douglas v Allstate Ins Co*, 492 Mich 241, 267-268; 821 NW2d 472 (2012). The court also ruled that the fact that plaintiff's limited guardianship was modified did not relieve plaintiff of her burden to produce evidence in opposition to defendant's motion for summary disposition. With respect to plaintiff's primary claim of medical allowable expenses, MCL 500.3107(1)(a), the trial court ruled as follows:

> While she has some outstanding medical bills, no evidence was presented connecting those bills to Plaintiff's accident related injuries. Furthermore, Plaintiff testified that neither she nor her doctors could determine whether her alleged dizziness and balance issues were a side effect of her long standing prescription use of Haldol or caused by the motor vehicle accident.

Consequently, the trial court granted defendant summary disposition. Plaintiff now appeals by right.

## I. PLAINTIFF'S CLAIM FOR NO-FAULT MEDICAL BENEFITS

### A. PRESERVATION

Although the trial court did not reach the issue whether the expenses at issues were "reasonable and necessary," MCL 500.3107(1)(a), it did decide that plaintiff had not presented evidence the expenses were causally related to the accident, MCL 500.3105(1). See *Griffith v State Farm Mut Auto Ins Co*, 472 Mich 521, 531; 697 NW2d 895 (2005). Therefore, plaintiff has preserved the issue of causation for appellate review by presenting it to the trial court, which addressed and decided it. *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008).

### B. STANDARD OF REVIEW

This Court reviews de novo the trial court's grant or denial of a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of a claim and must be supported by affidavits, depositions, admissions, or documentary evidence. *Bronson Methodist Hosp v Auto-Owners Ins Co*, 295 Mich App 431, 440; 814 NW2d 670 (2012); see also MCR 2.116(G)(3)(b); MCR 2.116(G)(4). When considering the motion, a court must view the submitted evidence in the light most favorable to the party opposing the motion. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). If the moving party carries its initial burden, the party opposing the motion must then demonstrate that there is a disputed material fact question by submitting evidence, "the content or substance would be admissible as evidence to establish or deny the grounds stated in the motion." MCR 2.116(G)(6); See *Maiden*, 461 Mich at 120-121. "The motion should be granted if the affidavits or other documentary evidence demonstrate that there is no genuine issue with respect to any material fact, and the

moving party is entitled to judgment as a matter of law." *Miller v Purcell*, 246 Mich App 244, 246; 631 NW2d 760 (2001). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Inadmissible hearsay is not enough to defeat a motion for summary disposition. See *Maiden*, 461 Mich at 123 n 5; see also *SSC Assoc Ltd Partnership v Gen Retirement Sys of Detroit*, 192 Mich App 360, 364; 480 NW2d 275 (1991).

## C. DISCUSSION

The trial court properly granted defendant summary disposition because plaintiff failed to produce admissible evidence creating a genuine question of material fact whether the post-accident medical treatments at issue were for symptoms causally related to the motor vehicle accident. MCL 500.3105(1); *Griffith*, 472 Mich at 531. The only evidence plaintiff submitted to the trial court were billing statements and plaintiff's own deposition, which on the critical issue of causation contained only equivocal hearsay. This was insufficient to survive summary disposition. *Maiden*, 461 Mich at 123 n 5 ("By presenting inadmissible hearsay evidence, a nonmoving party is actually promising to create an issue for trial where the promise is incapable of being fulfilled."); see also *SSC Assoc Ltd Partnership*, 192 Mich App at 364 (opinions, conclusory denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule regarding establishing disputed fact with admissible evidence).

Plaintiff argues that the trial court erred by granting defendant summary disposition regarding plaintiff's claim for no-fault benefits for medical expenses under MCL 500.3107(1). Except for limited exceptions, not pertinent here, "personal protection insurance benefits are payable for . . . [a]llowable expenses consisting of all reasonable charges incurred for reasonably necessary products, services and accommodations for an injured person's care, recovery, or rehabilitation." MCL 500.3107(1)(a). The burden rests with plaintiff to prove her right to no-fault benefits. *Anton v State Farm Mut Auto Ins Co*, 238 Mich App 673, 684; 607 NW2d 123 (1999). Plaintiff correctly argues that to recover no-fault benefits for medical expenses, she is required to show that (1) any charge was reasonable; (2) the expense was reasonably necessary, and (3) the expense was incurred. *Nasser v Auto Club Ins Ass'n*, 435 Mich 33, 50; 457 NW2d 637 (1990). But plaintiff must also prove that the allowable medical expenses are causally related to injuries from the auto accident. MCL 500.3105(1); *Griffith*, 472 Mich at 531 (section 3105(1) "imposes two causation requirements for no-fault benefits", one of which is "that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident."). Therefore, this case is governed by MCL 500.3105(1), which provides that "[u]nder personal protection insurance an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provisions of this chapter."

In *Griffith*, our Supreme Court considered whether a no-fault insurer was required to reimburse a plaintiff for the food expenses of the plaintiff's husband who was incapacitated by a motor vehicle accident. *Griffith*, 472 Mich at 524. The Court noted that the plain language of § 3105(1) restricts no-fault benefits to those "for accidental bodily injury" and that § 3107(1)(a) imposes additional restrictions on benefits payable "for accidental bodily injury," i.e., for the

"injured person's care, recovery, or rehabilitation." *Griffith*, 472 Mich at 526-527. Thus, these sections impose "two separate and distinct requirements." *Id*. at 530. As for § 3105(1), the Court held that it actually imposes two causation requirements for no-fault benefits. *Griffith*, 472 Mich at 531. First, "a no-fault insurer is liable to pay benefits only to the extent that the claimed benefits are causally connected to the accidental bodily injury arising out of an automobile accident." *Id*. "Second, an insurer is liable to pay benefits for accidental bodily injury only if those injuries 'arise out of' or are caused by 'the ownership, operation, maintenance or use of a motor vehicle . . . .' " *Id*., quoting MCL 500.3105(1). In the case before it, the Court held that Griffith's food claim did not satisfy the first causation requirement because his need for food was no different after the accident than before the accident; therefore, it was not related to his accidental injuries. *Id*. at 531-532, n 7. The Court went on to explain that Griffith's food expenses were "unrelated to his 'care, recovery, or rehabilitation' and are not 'allowable expenses' under MCL 500.3107(1)(a)." *Griffith*, 472 Mich at 536.

The Court followed and reaffirmed the holding of *Griffith* regarding the causation requirements of § 3105(1) and § 3107(1)(a) in the cases of *Johnson v Recca*, 492 Mich 169; 821 NW2d 520 (2012), and *Douglas*, 492 Mich 241. In *Johnson*, which concerned "replacement" or "ordinary and necessary services" under MCL 500.3107(1)(c), the Court reiterated that no-fault benefits for "care, recovery, or rehabilitation" " 'must be related to the insured person's injuries.' " *Johnson*, 492 Mich at 179, quoting *Griffith*, 472 Mich at 534. "Accordingly, allowable expenses do not include expenses for products or services that are required after the injury in a manner indistinguishable from those required before the injury." *Id*. at 180.

In the present case, while defendant accepted and paid plaintiff's medical expenses for her initial treatment for injuries received in the auto accident, defendant contested that plaintiff's subsequent treatment for various complaints including dizziness, balance, pain, numbness, and vertigo were related to injuries plaintiff received in the auto accident. In general, to prove a claim for no-fault benefits, a plaintiff must present competent expert testimony to establish a causal connection between medical treatment and injuries from an accident. See, e.g., *Anton*, 238 Mich App at 675-676, 679-681 (the plaintiff presented expert testimony linking the onset of Graves' disease to the automobile accident); and *Dengler v State Farm Mut Ins Co*, 135 Mich App 645, 647; 354 NW2d 294 (1984) (the plaintiff presented expert testimony attempting to link his recurring headaches and subsequent subarachnoid hemorrhage to an automobile accident the prior year). In *Dengler*, the plaintiff presented two experts, but one expressed no opinion linking the subarachnoid hemorrhage to the accident, and the other opined that such a link would be "pure speculation." *Dengler*, 135 Mich App at 648. The "[p]laintiff's failure to establish this vital causal relationship was fatal to her prima facie case." *Id*. at 649. The burden rests with plaintiff to prove her right to no-fault benefits. *Anton*, 238 Mich App at 684.

When challenged by defendant's motion for summary disposition to produce evidence of a causal link between her various post-accident symptoms and treatments and the accident, the only evidence plaintiff submitted to the trial court were billing statements of certain providers and plaintiff's own deposition. The billing statements themselves only contain single word or short phrase statements, apparently of plaintiff's chief complaint at the time of service. These hearsay statements provide no evidence causally linking plaintiff's complaints to injuries from the auto accident. Plaintiff attempts to supplement the billing statements submitted to the trial court with narrative reports from various providers that were not submitted to the trial court for

its consideration at the time the motion for summary disposition was decided. On appeal of a trial court's decision on a motion for summary disposition, "review is limited to review of the evidence properly presented to the trial court." *Barnard Mfg Co, Inc v Gates Performance Eng, Inc*, 285 Mich App 362, 380; 775 NW2d 618 (2009). A party may not enlarge the record on appeal by presenting documentary evidence not submitted to the trial court. *Id*. at 381; *Kent Co Aeronautics Bd v Dep't of State Police*, 239 Mich App 563, 580; 609 NW2d 593 (2000). Even if considered, the narrative reports do not provide specific evidence of a causal link between the auto accident and plaintiff's subsequent complaints of dizziness, balance, pain, numbness, and vertigo; rather, they merely document plaintiff's complaints and the response of the providers.

Plaintiff also relies on her own deposition. Her testimony, at best, provides only inadmissible hearsay concerning whether her post-accident symptoms are linked to accident-caused injuries. Plaintiff testified that although others believed she had a traumatic brain injury, she did not. In fact, she obtained a record of an apparently normal CAT scan to prove that she did not have a brain injury. On the other hand, people told her she had a concussion or a bruised or blue brain. The record shows that plaintiff, both before and after the accident, controlled her mental illness (schizoaffective disorder) with monthly injections of Haldol. With respect to the post-accident symptoms plaintiff experienced regarding balance and dizziness, plaintiff testified she had experienced similar problems before the accident that she was told might be related to her taking Haldol. She also testified that she had experienced bouts of vertigo before the accident. Plaintiff did not believe her post-accident balance, dizziness, and vertigo problems were related to the accident. Specifically, she testified that her balance problems after the accident resolved after the first couple of weeks but then came back after about a year. She did not know whether these later problems were caused by the accident or by her use of Haldol.

The hearsay testimony of plaintiff is insufficient to create a material question of fact on a motion for summary disposition. "Affidavits, depositions, admissions, and documentary evidence offered in support of or in opposition to a motion based on subrule (C)(1)-(7) or (10) shall only be considered to the extent that the content or substance would be admissible as evidence . . . ." MCR 2.116(G)(6). Further, our Supreme Court has observed: "By presenting inadmissible hearsay evidence, a nonmoving party is actually promising to create an issue for trial where the promise is incapable of being fulfilled." *Maiden*, 461 Mich at 123 n 5. In *Liparoto Constr Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 33; 772 NW2d 801 (2009), this Court also stated, "unsworn statements . . . are not sufficient to create a genuine issue of material fact to oppose summary disposition under MCR 2.116(C)(10)." Similarly, "[o]pinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact (or the lack of it) must be established by admissible evidence." *SSC Assoc Ltd Partnership*, 192 Mich App at 364.

In addition, the hearsay statement of opinion and belief by a Servants Center representative, in petitions to modify its limited guardianship and special conservatorship, cannot create a material question of fact that plaintiff's post-accident symptoms were related to accident-caused injuries. First, it does not appear that the petitions were ever submitted to the trial court for its consideration. Consequently, the petitions may not be considered on appeal of the trial court's decision. *Barnard Mfg Co*, 285 Mich App at 380-381; *Kent Co Aeronautics Bd*, 239 Mich App at 580. Second, there is no showing of the declarant's qualifications as an expert or the factual basis to render his opinion admissible, see MRE 702 (expert testimony), and MRE

703 (bases of opinion testimony), that plaintiff suffered from a traumatic brain injury, much less that it was related to the automobile accident. So, the Servants Center petitions, even if considered, are not enough to defeat a properly supported motion for summary disposition under MCR 2.116(C)(10). "[A]n adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). In sum, the petitions if considered, do not contain admissible evidence and are no more than conclusory statements insufficient to defeat summary disposition. *SSC Assoc Ltd Partnership*, 192 Mich App at 364.

Plaintiff also misconstrues the record by arguing that a *full* guardianship was required for plaintiff "due to her mental issues that stemmed from her injuries from the subject accident." First, plaintiff's limited guardianship existed before the accident and was because of plaintiff's long-standing mental illness. Plaintiff's limited guardianship and special conservatorship were only temporarily modified to add to the limited guardian's SSI payee and housing powers, the "legal authority to assist [plaintiff] with [a] personal injury settlement[.]" The record reflects that this modification was necessitated to require plaintiff's cooperation in this litigation because she wanted the lawsuit dismissed and she was not cooperating by refusing to appear for her deposition and refusing to present for an independent medical examination. There is absolutely no evidence in the record that plaintiff's long-term schizophrenia "stemmed" from the accident. As already noted, the fact that a representative of the Servants Center believed that plaintiff suffered from a traumatic brain injury is not evidence that she, in fact, did, or that her mental condition resulted from injuries received in the auto accident. Thus, the temporary modification of plaintiff's limited guardianship and special conservatorship is simply not admissible evidence that plaintiff's post-accident treatments were causally related to accident-caused injuries.

Plaintiff also misconstrues the record to argue that plaintiff's symptoms "did not appear until after the accident," and, therefore, are causally related to the accident. Plaintiff presents a temporal "but for" argument that because her symptoms appeared after the accident they must be causally related to it. Plaintiff relies on *Lockridge v State Farm Mutual Auto Ins Co*, 240 Mich App 507; 618 NW2d 49 (2000), but this case applied a "but for" test to a work-loss claim under 500.3107(1)(b). Work loss is not at issue in this case; rather the issue is whether plaintiff's medical expenses are "allowable expenses" because plaintiff's symptoms are causally related to injuries from the auto accident. MCL 500.3105(1); *Griffith*, 472 Mich at 531. Moreover, plaintiff's argument rests on the faulty logic of a temporal relationship between the accident and plaintiff's post-accident treatments. This is a "common logical fallacy known, in the realm of causation theory, as '*post hoc ergo propter hoc*' ('after this, therefore because of this')." *Dep't of Trans v Haggerty Corridor Partners Ltd Partnership*, 473 Mich 124, 142 n 36; 700 NW2d 380 (2005); see also *West*, 469 Mich at 186 n 12. Showing only a temporal relationship is generally insufficient to create a fact issue on a necessary causal link between a plaintiff's accidental injury and subsequent complaints and treatments. See, e.g., *Craig v Oakwood Hosp*, 471 Mich 67, 93; 684 NW2d 296 (2004) ("It is axiomatic in logic and in science that correlation is not causation."); *West*, 469 Mich 186 ("a temporal relationship, standing alone, does not demonstrate a causal connection").

Because plaintiff failed to produce admissible evidence to create a material question of fact whether the post-accident medical treatments at issue were for symptoms causally related to

the motor vehicle accident, MCL 500.3105(1); *Griffith*, 472 Mich at 531, the trial court properly granted defendant summary disposition.

## II. GUARDIANSHIP EXPENSES

### A. PRESERVATION

The issue whether the expenses of modifying a temporary limited guardianship are subject to reimbursement as a no-fault attendant care or replacement services benefit was presented to and decided by the trial court, so it is preserved. *Walters*, 481 Mich at 387-388.

### B. STANDARD OF REVIEW

This Court reviews de novo the trial court's grant or denial of a motion for summary disposition. *Maiden*, 461 Mich at 118. A motion under MCR 2.116(C)(10) "should be granted if the affidavits or other documentary evidence demonstrate that there is no genuine issue with respect to any material fact, and the moving party is entitled to judgment as a matter of law." *Miller*, 246 Mich App at 246.

### C. DISCUSSION

Plaintiff argues that the Servants Center is entitled to its costs in modifying its limited guardianship, apparently as an allowable expense, citing *In re Carroll (On Remand)*, 300 Mich App 152; 832 NW2d 276 (2013). We disagree.

Plaintiff presents no admissible evidence that she had traumatic brain injury in August 2015 when the limited guardianship was modified, much less that it was causally related to the October 19, 2012 automobile accident. Moreover, there is no evidence that plaintiff's mental condition was at all related to injuries she sustained in the auto accident. Finally, to the extent it is considered, the petition to temporarily modify plaintiff's limited guardianship, as well the record reflecting that plaintiff repeatedly failed to appear for a deposition and for an independent medical examination, shows that the modification was not necessary for plaintiff's "care, recovery, or rehabilitation," MCL 500.3107(1)(a), or necessary to replace "ordinary and necessary services," MCL 500.3107(1)(c). Instead, the modified limited guardianship was only necessary to obtain plaintiff's cooperation in this lawsuit.

The trial court correctly ruled that the existence of the special limited guardianship did not relieve plaintiff of her burden to causally connect any claim for no-fault benefits to injuries from the auto accident. MCL 500.3105(1); *Griffith*, 472 Mich at 531. Consequently, the trial court did not err by granting defendant summary disposition.

We affirm. Defendant, as the prevailing party, may tax its costs pursuant to MCR 7.219.

/s/ Stephen L. Borrello
/s/ David H. Sawyer
/s/ Jane E. Markey

-8-