*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES MURPHY,

        Plaintiff-Appellant,

and

SPINE SPECIALISTS OF MICHIGAN PC,

        Intervening Plaintiff,

v

HANOVER INSURANCE COMPANY and AUTO
CLUB GROUP INSURANCE ASSOCIATION also
known as AAA INSURANCE COMPANY,

        Defendants,

and

APRIL MEYERS and SEAN BARRETT ,

        Defendants-Appellees.

UNPUBLISHED
December 7, 2023

No.   364223
Wayne Circuit Court
LC No.   21-002338-NI

Before:  CAVANAGH, P.J., and RIORDAN and PATEL, JJ.

RIORDAN, J. (*dissenting*).

I respectfully dissent.  Unlike the majority, I would affirm the trial court's grant of summary disposition in favor of defendants.

The trial court did not err in granting summary disposition in favor of defendants as plaintiff failed to offer any substantive evidence to support his contention that Meyers negligently operated her vehicle.  To the contrary, the evidence presented to the trial court showed that Meyers slowed her vehicle as she approached the intersection, and she was driving the speed limit as she started to enter the intersection with a green light.  Specifically, the responding officer concluded that Meyers "was going the speed limit" at the time of the accident, and a nearby driver stated that

the traffic light was green when Meyers started to enter the intersection. These facts affirmatively suggest that Meyers was not negligent in her operation of her vehicle.[1]

More importantly, our Supreme Court recently explained that "until a hazard is perceived, or until a hazard would have been apparent to a reasonable man, considering pertinent surrounding circumstances of traffic and terrain, a driver has no duty to guard against or anticipate an unknown hazard." *Briggs v Knapp*, ___ Mich ___, ___; 995 NW2d 356, 357 (2023) (quotation marks and citation omitted). When Meyers was approaching the intersection, plaintiff was an unknown hazard who would not have been apparent to a reasonable person in her position. In other words, absent specific facts suggesting otherwise, I do not believe that Meyers had a duty to guard against or anticipate an unknown and unseen pedestrian crossing an intersection when the traffic light was green, giving her the right-of-way. This is particularly true here given that a nearby driver stated that Meyers's view was "limited" because she was driving a "smaller vehicle," and he was driving a "larger vehicle," a Ford F-150 truck, that rendered it "very hard [for Meyers] to see that situation."

Accordingly, I would affirm the trial court's order granting summary disposition in favor of defendants.

/s/ Michael J. Riordan

---

[1] In his motion for reconsideration and brief on appeal, plaintiff argues that Meyers "must have been driving faster than the speed limit at some point when she was approaching the intersection" because Meyers began slowing when she was two or three car lengths away from the crosswalk and was driving the speed limit when she entered the intersection. However, "[o]pinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact (or the lack of it) must be established by admissible evidence." *SSC Assocs Ltd Partnership v Gen Retirement Sys*, 192 Mich App 360, 364; 480 NW2d 275 (1991). It is equally possible that Meyers was driving the speed limit before the intersection, then momentarily slowed down below the speed limit before accelerating back to the speed limit as she entered the intersection.