# Court of Appeals, State of Michigan

## ORDER

Gilbert Stanow v William Beaumont Hospital

Docket No.     346641 / 347275

LC No.        2018-167805 NH / 2018-165819-NH

Amy Ronayne Krause
Presiding Judge

Mark J. Cavanagh

Douglas B. Shapiro
Judges

The Court orders that the motion for reconsideration is GRANTED, and this Court's opinion issued December 17, 2019 is hereby VACATED.  A new opinion is attached to this order.


/s/ Amy Ronayne Krause


A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 17, 2020
Date

Chief Clerk

*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GILBERT STANOW,

Plaintiff-Appellant,

v

BEAUMONT CENTER FOR PAIN MEDICINE,
an assumed name for WILLIAM BEAUMONT
HOSPITAL, AMERICAN ANESTHESIOLOGY
OF MICHIGAN, PC, and SEAN CONROY, M.D.,

Defendants-Appellees.

UNPUBLISHED
March 17, 2020

Nos. 346641; 347275
Oakland Circuit Court
LC Nos. 2018-167805-NH;
2018-165819-NH

ON RECONSIDERATION

Before: RONAYNE KRAUSE, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

In Docket No. 347275, plaintiff appeals by leave granted the trial court's order denying his motion for relief from judgment after the dismissal of his medical malpractice action without prejudice for failure to appear at a show-cause hearing.[1] In Docket No. 346641, plaintiff appeals by right the trial court's order granting defendants' motions for summary disposition under MCR 2.116(C)(7) (statute of limitations). We reverse the dismissal of Docket No. 347275[2] and dismiss the appeal in Docket No. 346641[3] as moot.

---

[1] *Stanow v Beaumont Ctr for Pain Med*, unpublished order of the Court of Appeals, entered May 30, 2019 (Docket No. 347275).

[2] LC No. 2018-165819-NH.

[3] LC No. 2018-167805-NH.

## I. BACKGROUND

Plaintiff alleged that defendant Dr. Sean Conroy committed medical malpractice in performing a procedure on plaintiff in November 2017. By extension, plaintiff filed his claims against Beaumont Center for Pain and Medicine (Beaumont), which was where the procedure was performed, and against American Anesthesiologists (AA), which was the professional corporation that employed Dr. Conroy. Plaintiff's first action, Docket No. 347275, was dismissed without prejudice on August 15, 2018, after plaintiff failed to attend a show-cause hearing. The show-cause hearing was held so that plaintiff could explain why defendants had not been served with summonses—although the 90 day effective period of the summons had not yet expired. That same day, plaintiff filed a second action, Docket No. 346641, alleging the same medical malpractice claims as in the first action. Plaintiff later filed a motion for relief from the trial court's dismissal of the first action, which was denied. Ultimately, the trial court determined that the second action was filed after the expiration of the statute of limitations and granted defendants' respective motions for summary disposition under MCR 2.116(C)(7).

Plaintiff's appeal in Docket No. 346641 relies heavily on the outcome in Docket No. 347275. The crux of his argument on appeal is that the trial court erroneously dismissed the first action, which forced him to file the second action outside the statute of limitations. Plaintiff does not appear to dispute that the second action is beyond the statute of limitations; instead, he contends that the dismissal of the first action prior to the expiration of the summons was improper and so the limitations period should be deemed to have been tolled during the period between the filing of the two actions.

## II. ANALYSIS

## A. THE FIRST LAWSUIT

Plaintiff argues that the trial court's dismissal of the first action was a drastic and harsh sanction warranting reversal. We agree.[4]

It appears that the trial court dismissed plaintiff's action under MCR 2.504(B)(1), which provides that "[i]f a party fails to comply with these rules or a court order, upon motion by an opposing party, or sua sponte, the court may enter a default against the noncomplying party or a dismissal of the noncomplying party's action or claims." Trial courts possess the authority to sanction parties, including by dismissing the action. *Maldonado*, 476 Mich at 375-376. But dismissal is a "drastic step that should be taken cautiously." *Vicencio v Ramirez*, 211 Mich App 501, 506; 536 NW2d 280 (1995). Before doing so, a trial court must "carefully evaluate all available options on the record and conclude that the sanction of dismissal is just and proper." *Id*.

---

[4] We review for an abuse of discretion a trial court's decision to dismiss an action for failure to comply with a court order. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006). An abuse of discretion occurs when the trial court's decision is outside the range of principled outcomes, *id*., and when it makes an error of law, *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

The failure to do so constitutes an abuse of discretion. *Id*. at 506-507. There are seven factors that a trial court should consider before dismissal is used as a sanction:

> 1) whether the violation was wilful or accidental; (2) the party's history of refusing to comply with previous court orders; (3) the prejudice to the opposing party; (4) whether there exists a history of deliberate delay; (5) the degree of compliance with other parts of the court's orders; (6) attempts to cure the defect; and (7) whether a lesser sanction would better serve the interests of justice. [*Id*. at 507; see also *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 631; 750 NW2d 228 (2008).]

In this case, there is no indication in the record or in the trial court's order that it considered other alternatives to dismissal or that it evaluated the *Vicencio* factors. The trial court's order stated only that plaintiff failed to appear at the show-cause hearing and that the action was dismissed without prejudice. Accordingly, the trial court's dismissal constituted an abuse of discretion. See *Vicencio*, 211 Mich App at 506-507.[5]

Further, upon consideration of the *Vicencio* factors it is clear that dismissal was not appropriate. First, there is no indication that the violation was willful; in fact, plaintiff's counsel later explained that it was due to a scheduling failure. Second, there was no history of plaintiff failing to comply with previous court orders because, other than the failure to appear or respond, the record gives no indication that plaintiff violated any other orders. Third, there was little prejudice to defendants; the show-cause issue related to notice and serving the non-expired summonses. Defendants have since received notice of the proceedings and accordingly suffered no further prejudice. Fourth, there is no indication from the record that plaintiff had a history of *deliberate* delay. Fifth, plaintiff was denied the requested opportunity to comply with the court order after learning of the scheduling error. Sixth, plaintiff took steps to cure the defect. Plaintiff's counsel called the trial court on the same day the dismissal was entered and offered to appear by noon, which was within a few hours of the originally scheduled hearing at 8:30 a.m. Seventh, a lesser sanction would better serve the interests of justice. Dismissal is a harsh and drastic sanction for the failure to appear at a *single* hearing, particularly under the facts of this case given that several days remained in the life of the summons and the case would have been subject to dismissal without prejudice if service was not accomplished in that remaining time. Therefore, the trial court abused its discretion when it dismissed plaintiff's first action against defendants.

## B. THE SECOND LAWSUIT

Because we are reinstating plaintiff's first suit in Docket No. 347275, his appeal from the dismissal of his second suit, Docket No. 346641 is moot. Nevertheless, we will briefly address Beaumont's argument that summary disposition was proper in that case for lack of a question of

---

[5] Defendant notes that plaintiff did not attempt to serve the summons and complaint in the five days remaining in the statute of limitations. However, once the trial court dismissed the case identified on the summons, serving the documents would have been of no legal import and would have required the attorneys to violate the court's order.

fact regarding the mailing of the notice of intent (NOI) and that we should apply that ruling to the first case even though the trial court did not consider it. We disagree for three reasons.

First, we have reinstated the first case which was wrongly dismissed and so any assertion that plaintiff waived an issue in the second case is irrelevant absent a claim of res judicata or collateral estoppel and none has been asserted. Second, the dismissal of the second case primarily rested on the court's conclusion that even if tolling had been triggered by the mailing of the NOI, that tolling expired well before the second case was filed. Third, the evidence in the record before the trial court in the second case did not demonstrate a lack of a factual question whether plaintiff mailed the NOI. Defendant's brief asserted that it had never received the NOI. However, it failed to provide an affidavit or any other evidentiary support for that assertion. And the question is whether the NOI was mailed, not whether it was received. See MCL 600.2912b(2). The record before the trial court contained a copy of an NOI naming Beaumont dated November 15, 2017, and a cover letter directed to Beaumont dated November 17, 2017, noting the enclosure of the NOI.[6] Defendant asserts that its possession of these documents does not indicate mailing by plaintiff and states that it received these materials from a co-defendant, but again failed to provide any affidavit to support this claim.[7] Mere assertions of fact in a brief do not constitute evidence, and no *evidence* of non-receipt was offered.[8] Accordingly, it was error for the trial court to have

---

[6] There were two cover letters. One was addressed to Beaumont and the other to Dr. Conroy. Dr. Conroy does not contest the mailing of the NOI.

[7] Defendant does not offer an explanation how the co-defendant obtained the notice of intent other than by mail.

[8] As summarized in *SSC Assoc Ltd Partnership v Gen Retirement Sys of Detroit*, 192 Mich App 360, 363-364; 480 NW2d 275 (1991):

> Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion must be filed with the motion. MCR 2.116(G)(3). The affidavits must be made on the basis of personal knowledge and must set forth with particularity such facts as would be admissible as evidence to establish or deny the grounds stated in the motion. *Durant v Stahlin*, 375 Mich 628; 135 NW2d 392 (1965). They do not resolve issues of fact. Their purpose is to help the court determine whether an issue of fact exists. *Id*. at 640, 645-647. Opinions, conclusionary denials, unsworn averments, and inadmissible hearsay do not satisfy the court rule; disputed fact (or the lack of it) must be established by admissible evidence. *Remes v Duby (After Remand)*, 87 Mich App 534, 537; 274 NW2d 64 (1978).
>
> . . . . However, the party opposing a motion for summary disposition has no obligation to submit any affidavit until the moving party submits a proper affidavit regarding a dispositive fact. *Bobier v Norman*, 138 Mich App 819; 360 NW2d 313 (1984).

concluded, on that record, and as a matter of law, that plaintiff had failed to timely mail the NOI to defendant Beaumont.

### III.  CONCLUSION

Plaintiff's first case (LC No. 2018-165819-NH) was improperly dismissed.  We reverse that dismissal and remand the case to the trial court to direct the clerk to issue a new summons allowing plaintiff an opportunity to serve the complaint and summons within the time that was remaining on the initial summons at the time of dismissal and for other proceedings consistent with this opinion.  Plaintiff's appeal from the dismissal of his second case is dismissed as moot. We do not retain jurisdiction.

/s/ Amy Ronayne Krause
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro